**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANTA C. NAVARRO, | No. 06-72315 |
| Petitioner, | Agency No. A077-965-324 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2010[**]
Pasadena, California

Before: FARRIS, HALL and SILVERMAN, Circuit Judges.

Santa C. Navarro, a native and citizen of Mexico and lawful permanent

resident, petitions for review of the Board of Immigration Appeals' final order of

removal. We have jurisdiction to consider the exhausted claims pursuant to 8

U.S.C. § 1252 and deny in part and dismiss in part the petition for review.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review the legal questions and due process claims de novo and factual findings for substantial evidence. *Aguilar Gonzalez v. Mukasey*, 534 F.3d 1204, 1208 (9th Cir. 2008); *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000).

Contrary to Navarro's assertion, the Board of Immigration Appeals applied the correct legal standard and properly distinguished this case from *Altamirano v. Gonzales*, 427 F.3d 586 (9th Cir. 2005). Unlike *Altamirano*, Navarro admitted at her hearing that she repeatedly lied to border officers about her brother's identity and their relationship knowing that her brother had presented a false birth certificate at primary inspection. Navarro's admissions provide substantial evidence of knowing affirmative assistance of her brother's attempted illegal entry using the false birth certificate. It is unnecessary to consider Navarro's challenges to the immigration judge's use of the I-213 because Navarro's testimony, alone, clearly establishes the alien smuggling charge.

Navarro also alleges that the immigration judge violated her due process rights by supposedly failing to consider the totality of the evidence. The record is to the contrary. The immigration judge simply didn't believe the version of the story that Navarro presented at the hearing and the evidence supports the immigration judge's ruling.

2

We lack jurisdiction to consider the remaining claims, which were raised for the first time in this petition for review. They have not been exhausted. *See* 8 U.S.C. § 1252(d); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.