**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MELANIE ABANICO, | No. 08-71388 |
| Petitioner, | Agency No. A095-565-190 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Melanie Abanico, a native and citizen of the Philippines, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") removal order.  Our jurisdiction is governed by

8 U.S.C. § 1252.  We review for abuse of discretion the denial of a continuance.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008) (per curiam), and

review questions of law de novo, *Aguilar Gonzalez v. Mukasey*, 534 F.3d 1204,

1208 (9th Cir. 2008).  We deny in part and dismiss in part the petition for review.

The IJ properly denied Abanico's adjustment of status application for failure

to demonstrate admissibility pursuant to 8 U.S.C. § 1182.  *See Kyung Park v.*

*Holder*, 572 F.3d 619, 622-23 (9th Cir. 2009) (to avoid being considered a public

charge, § 1182(a)(4) requires that the alien submit an affidavit of support as

described in 8 U.S.C. § 1183a).

The IJ did not abuse his discretion in denying a continuance where Abanico

did not demonstrate good cause.  *See* 8 C.F.R. § 1003.29 (an IJ may grant a motion

for a continuance for good cause shown).

We lack jurisdiction to consider Abanico's contention that the IJ abused his

discretion in denying Abanico's voluntary departure request because she failed to

exhaust this contention before the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 678

(9th Cir. 2004) (generally requiring exhaustion of claims before the BIA).

08-71388

We lack jurisdiction to consider Abanico's eligibility for cancellation of removal because she did not raise this claim with the BIA. *See Ortiz v. INS*, 179 F.3d 1148, 1152 (9th Cir. 1999) (court lacks jurisdiction over eligibility claim not raised before the BIA).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**