**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VENANCIO VALDOVINOS-CORONA, | No. 06-73092 |
| Petitioner, | Agency No. A079-778-016 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 1, 2010
Pasadena, California

Before: O'SCANNLAIN, FISHER and GOULD, Circuit Judges.

The Immigration Judge ("IJ") found Valdovinos inadmissible under section

212(a)(6)(E)(i) of the Immigration and Nationality Act, 8 U.S.C.

§ 1182(a)(6)(E)(i), for knowingly encouraging, inducing, assisting, abetting, or

aiding a minor child to enter or to try to enter the United States in violation of law.

After the Board of Immigration Appeals ("BIA") affirmed the IJ's decision,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Valdovinos filed a motion to reconsider in light of *Altamirano v. Gonzales*, 427 F.3d 586 (9th Cir. 2005), which clarified that an alien is inadmissible under section 212(a)(6)(E)(i) only if he engages in "an affirmative act of help, assistance, or encouragement." *Id.* at 592. The BIA denied the motion.

Because Valdovinos's petition for review is timely only with respect to the BIA's denial of his motion to reconsider, our jurisdiction is limited to reviewing that order. *See Stone v. INS*, 514 U.S. 386, 405–06 (1995); *Membreno v. Gonzales*, 425 F.3d 1227, 1229 (9th Cir. 2005) (en banc). We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Morales Apolinas v. Mukasey*, 514 F.3d 893, 895 (9th Cir. 2008).

The BIA properly concluded that by providing his car to his domestic partner's sister as a "favor," with the intent that she use it to bring the child into the country illegally, Valdovinos acted affirmatively to assist alien smuggling under section 212(a)(6)(E)(i). *See Aguilar Gonzalez v. Mukasey*, 534 F.3d 1204, 1208 (9th Cir. 2008) (noting *Altamirano*'s reliance on the "well-established meaning of aiding and abetting in the criminal context, which requires the individual to associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek *by his action* to make it succeed" (internal

2

quotation marks omitted)).  Accordingly, the BIA did not abuse its discretion by denying Valdovinos's motion to reconsider.

**PETITION DENIED.**