**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 01 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| SATBER SINGH,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, JR., Attorney General,<br><br>Respondent. | Nos. 06-71882, 07-72216<br><br>Agency No. A071-946-082<br><br>MEMORANDUM* |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Argued and Submitted October 4, 2010
San Francisco, California

Before: BEEZER, KLEINFELD, and GRABER, Circuit Judges.

In this consolidated appeal, Satber Singh ("Singh") petitions for review of

two decisions by the Board of Immigration Appeals ("BIA"). First, he petitions for

review of the BIA's denial of his claims for asylum and for relief under the

Convention Against Torture ("CAT"). Second, Singh petitions for review of the

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

BIA's denial of his motion to reopen as untimely, arguing that his receipt of ineffective assistance of counsel tolled the 90-day period to file the motion.

We have jurisdiction over this matter pursuant to 8 U.S.C. § 1252(a)(1), and we deny both petitions.

The facts of this case are known to the parties. We do not repeat them.

**I**

We ordinarily review the BIA's interpretation of law *de novo* and its findings of fact for substantial evidence. *Aguilar Gonzalez v. Mukasey*, 534 F.3d 1204, 1208 (9th Cir. 2008). Where, as here, the BIA adopts the entirety of the immigration judge's ("IJ's") decision by citing *In re Burbano*, 20 I. & N. Dec. 872 (B.I.A. 1994), without expressing disagreement with the IJ's reasoning, we review the IJ's decision. *Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005) (en banc).

We give considerable deference to the IJ's findings on Singh's credibility. Even if "some of the factors the IJ relied upon are either unsupported or irrelevant, so long as one of the identified grounds is supported by substantial evidence and goes to the heart of [Singh's] claim of persecution, we are bound to accept the IJ's adverse credibility finding." *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004) (internal quotation marks and brackets omitted).

2

We review the BIA's denial of a motion to reopen a case for abuse of discretion. *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir. 2000).

## II

Singh has not credibly established that he is eligible for asylum or for relief under CAT. The language of the Immigration and Nationality Act "plainly indicates" that if the IJ "either does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his asylum application." *Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir. 2000). We will uphold a negative credibility finding "where the IJ has reason to question the applicant's credibility, and the applicant fails to produce non-duplicative, material, easily available corroborating evidence and provides no credible explanation for such failure." *Id.* at 1092. Here, substantial evidence supports the IJ's adverse credibility finding.

## A

To establish eligibility for asylum, Singh was required to show, among other things, that he had a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group or political opinion." 8 U.S.C. § 1101(a)(42)(A). To satisfy this burden, Singh could have produced direct evidence of such fear. *Deloso v. Aschroft*, 393 F.3d 858, 863 (9th Cir. 2005). Or

3

Singh could have established a presumption of such fear by producing evidence that he had been persecuted in the past. *Id.* The government could then have rebutted this presumption by showing that conditions in India had changed to such an extent that Singh's fear of future persecution was not well-founded. *Id.*

Singh's story suffers from several infirmities. Most troubling are those regarding his relationship with two long-dead leaders of a radical Sikh faction. Because of these inconsistencies, the IJ was entitled to ask for corroboration or for a credible explanation as to why such corroboration was unavailable. *Sidhu*, 220 F.3d at 1091. Singh failed to provide either. Therefore, substantial evidence supports the IJ's finding that he produced no credible evidence that he was persecuted while in India. In addition, substantial evidence supports the IJ's finding that country conditions have changed so that any fear of future persecution harbored by Singh is not well founded.

**B**

Singh asserted a separate claim for humanitarian asylum for the first time on appeal before the BIA. *See In re Chen*, 20 I. & N. Dec.. 16, 21 (B.I.A. 1989); 8 C.F.R. § 1208.13(b)(1)(iii)(A). While the BIA should have explained more explicitly why it rejected this particular claim, we deny Singh's petition for remand as futile.

4

Assuming the BIA even had jurisdiction over Singh's humanitarian asylum claim,[1] the factual findings made by the BIA effectively disposed of it. Because the government showed that Singh had no well-founded fear of future persecution, Singh can receive humanitarian asylum only if he shows either that he suffered past persecution so severe that he "should not be expected to repatriate," *In re Chen*, 20 I. & N. Dec. at 19, or that he will suffer serious harm upon his return. *Hanna v. Keisler*, 506 F.3d 933, 939 (9th Cir. 2007). An applicant for humanitarian asylum must show a greater level of past persecution than an applicant for ordinary asylum because he need not show a well-founded fear of future persecution. *Cf. id.* Because the BIA has determined that Singh has not credibly established past persecution sufficient for ordinary asylum, the BIA has

---

[1] This matter is unclear. Contrary to the government's assertions, we have jurisdiction because Singh exhausted his administrative remedies when he raised his claim before the BIA to the extent necessary to put the agency on notice of its existence. *Zhang v. Ashcroft,* 388 F.3d 713, 721 (9th Cir.2004) (per curiam). This is separate from whether a claim that had not been raised before the IJ falls within the appellate jurisdiction of the BIA. *See* 8 C.F.R. § 1003.1(d)(3)(i).

also determined that he has not suffered the *severe* past persecution required for humanitarian asylum.[2]

## C

Singh has also failed to meet his burden of proof under CAT. To establish eligibility for CAT relief, Singh must credibly show that "he is more likely than not to suffer intentionally-inflicted cruel and inhuman treatment that either (1) is not lawfully sanctioned by [India] or (2) is lawfully sanctioned by [India], *but* defeats the object and purpose of CAT." *Nuru v. Gonzales*, 404 F3d 1207, 1221 (9th Cir. 2005) (internal quotation marks and citation omitted). Singh has not established that he will more likely than not be tortured if he returned to India. There is some documentary evidence that prisoners in India are mistreated. But given the changed country conditions discussed above, there is no reason to believe that there is a more than fifty percent chance that Singh will even be arrested, let alone tortured.

---

[2] This difference takes Singh's situation outside the realm of *INS v. Orlando Ventura*, 537 U.S. 12, 17 (2002) (per curiam). Where the BIA has not considered a factual issue, we are required to remand so that the agency can "bring its expertise to bear upon the matter" and "evaluate the evidence" in the first instance. *Id.* Here the BIA *has* examined the evidence regarding whether Singh suffered any past persecution and rejected it.

6

## III

The BIA properly dismissed Singh's motion to reopen as untimely. Ordinarily, "a party may file only one motion to reopen deportation or exclusion proceedings . . . and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2). This is not a jurisdictional requirement, and the BIA may equitably toll this period in instances "where, despite all due diligence, [the party invoking the toll] is unable to obtain vital information bearing on the existence of the claim" due to ineffective assistance of counsel. *Socop-Gonzales v. INS*, 272 F.3d 1176, 1193 (9th Cir. 2001) (en banc) (internal quotation marks omitted). To toll this period, the immigrant must prove his due diligence by showing what he did to press his rights until he "definitively learn[ed]" of the information he needed to bring his claim. *Compare Ghahremani v. Gonzales*, 498 F.3d 993, 999-1000 (9th Cir. 2007) (exercising equitable tolling when an immigrant failed to learn of his first attorney's incompetence until he hired his fourth attorney) *with Singh v. Gonzales*, 491 F.3d 1090, 1096 (9th Cir. 2007) (refusing to toll where immigrant failed to investigate suspicions of incompetence for six months). Singh has failed to show either when he definitively learned of his previous counsel's alleged incompetence or what he did in the interim.

Singh has failed even to make assertions regarding what he did between March and November to protect his rights and thereby fails to show his due diligence.

In addition, Singh does not establish when he definitively learned of his prior attorney's alleged incompetence. He argues that an immigrant "definitively learns" of a prior attorney's ineffectiveness when he retains new counsel. We do not adopt this test because it inappropriately discounts that an immigrant may delay hiring an attorney after he has learned of the problem through other sources. *See Singh*, 491 F.3d 1096. In addition, Singh would fail to meet his own test. He provides no definitive proof of when he retained his new attorney. Rather than supplying a dated copy of his retainer, Singh argues only that his new attorney filed a motion in court in early September. If he retained present counsel before the middle of August (not implausible given a filing in early September), his November 13 motion to reopen still would not be timely.

## IV

For the reasons discussed above, both of Singh's petitions for review are DENIED.

8

Singh v. Holder, Nos. 06-71882, 07-72216

GRABER, Circuit Judge, concurring in part and dissenting in part:

I concur in part and dissent in part.

I would assume, without deciding, Petitioner's credibility. I would deny the petition with respect to Petitioner's asylum claim on the ground that substantial evidence supports the IJ's finding that Petitioner no longer has a well-founded fear of future persecution because of changed country conditions.

With respect to Petitioner's request for humanitarian relief, in my view the majority exceeds our court's authority by denying this issue on the merits. The message of INS v. Orlando Ventura, 537 U.S. 12 (2002) (per curiam), Gonzales v. Thomas, 547 U.S. 183 (2006) (per curiam), and related cases is not limited to issues of fact, as the majority asserts. Since SEC v. Chenery Corp., 332 U.S. 194, 196 (1947), it has been the law that a court may not affirm an executive branch agency's decision for a reason not given by that agency. Here, Petitioner clearly argued for this form of relief to the BIA (the argument had its own clear heading in Petitioner's brief under number IV), yet the BIA did not mention this claim in any way in its decision, nor did it rule on the claim. Our precedent requires the BIA to rule on every issue separately argued to it. Sagaydak v. Gonzales, 405 F.3d 1035 (9th Cir. 2005); Lopez v. Ashcroft, 366 F.3d 799 (9th Cir. 2004). For these reasons, I would grant and remand with respect to the claim for humanitarian relief

to allow the BIA to rule on the claim in the first instance.

In all other respects, I concur.