**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 03 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



MARTHA SUSANA GUZMAN DE MILICICH,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 05-76845

Agency No. A077-345-231

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 1, 2010
Pasadena, California

Before: O'SCANNLAIN, FISHER and GOULD, Circuit Judges.

The Immigration Judge ("IJ") did not abuse his discretion by denying

Guzman's motion for a continuance. The IJ offered to call a recess to allow

Guzman to review the contents of the CD she had received in response to her

Freedom of Information Act request, but she declined the opportunity. *See Ahmed*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*v. Holder*, 569 F.3d 1009, 1013 (9th Cir. 2009) (considering the unreasonableness of the petitioner's conduct as a factor in reviewing the denial of a continuance).  In addition, Guzman has failed to describe the CD's contents with any specificity; it is thus unclear how they would have helped her case.  *See id.* at 1012–13 (considering the importance of the evidence not presented as a factor in reviewing the denial of a continuance).

Guzman's claim that the IJ erred by admitting the Form I-213 into evidence is unexhausted because she did not object to its admission before either the IJ or the Board of Immigration Appeals ("BIA").  We therefore lack jurisdiction to consider the merits of the claim.  *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

The IJ found Guzman inadmissible under section 212(a)(6)(E)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(E)(i), for knowingly encouraging, inducing, assisting, abetting, or aiding her niece to enter or to try to enter the United States in violation of law.  The BIA affirmed without opinion in an order issued one day after our decision in *Altamirano v. Gonzales*, 427 F.3d 586 (9th Cir. 2004), which clarified that an alien is inadmissible under section 212(a)(6)(E)(i) only if she engages in "an affirmative act of help, assistance, or encouragement." *Id.* at 592.  Since then, our court has further held that mere

2

acquiescence in a scheme of alien smuggling does not constitute an affirmative act. *Aguilar Gonzalez v. Mukasey*, 534 F.3d 1204, 1209 (9th Cir. 2008). Because the BIA did not mention *Altamirano*, and because neither the IJ nor the BIA had the benefit of *Aguilar Gonzalez*, we grant in part Guzman's petition for review, and remand the case on an open record for further consideration in light of *Altamirano* and *Aguilar Gonzalez. See Soto-Olarte v. Holder*, 555 F.3d 1089, 1096 (9th Cir. 2009). In doing so, we express no view on whether Guzman provided some form of affirmative assistance to the attempt to bring her niece into the country illegally. Since the IJ did not make or rely upon an adverse credibility determination, we need not address Guzman's claim that such a determination was in error.

Each party shall bear its own costs.

**PETITION GRANTED IN PART, DISMISSED IN PART, AND DENIED IN PART; CASE REMANDED IN PART.**