**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL ANGEL AGUALLO, | No. 06-71785 |
| Petitioner, | Agency No. A078-024-559 |
| v. | |
| ERIC H. HOLDER JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 3, 2010[**]
Pasadena, California

Before: PREGERSON, RIPPLE,[***] and GRABER, Circuit Judges.

Petitioner Miguel Angel Aguallo, a native and citizen of Belize, petitions for

review of the Board of Immigration Appeals' ("BIA") denial of his motion to

reopen following the denial of his application for cancellation of removal for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kenneth F. Ripple, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

failure to meet the hardship requirement set forth in 8 U.S.C. § 1229b(b)(1)(D). The only issue before the court is the denial of the motion to reopen. Because the BIA did not commit any legal error or otherwise abuse its discretion, we deny the petition. See Aguilar Gonzalez v. Mukasey, 534 F.3d 1204, 1208 (9th Cir. 2008) (holding that we review de novo the BIA's legal determinations); He v. Gonzales, 501 F.3d 1128, 1130-31 (9th Cir. 2007) ("We review for abuse of discretion the BIA's denial of a motion to reopen.").

The BIA correctly determined that the standard in 8 C.F.R. § 1003.2(c)(1) applied to Petitioner's motion to reopen and that the motion to reopen failed to meet that standard. See Bhasin v. Gonzales, 423 F.3d 977, 987 (9th Cir. 2005) (explaining that 8 C.F.R. § 1003.2(c)(1) requires that the evidence submitted with a motion to reopen must not have been available at the time of the former hearing before the IJ). The BIA did not abuse its discretion by holding, in the alternative, that the evidence failed to meet the threshold for reopening. See Hernandez-Ortiz v. INS, 777 F.2d 509, 513 (9th Cir. 1985) ("A prima facie case is established when an alien presents 'affidavits or other evidentiary material,' which, if true, would satisfy the requirements for substantive relief." (citation omitted)), superceded by statute on other grounds as stated by Parussimova v. Mukasey, 555 F.3d 734 (9th Cir. 2009). Finally, the BIA did not abuse its discretion by failing to note that the

2

government had not filed a response to Petitioner's motion.  Cf. Konstantinova v. INS, 195 F.3d 528, 530-31 (9th Cir. 1999) (holding that the BIA may waive procedural defects in a motion to reopen or remand even if the government does not affirmatively support or oppose the motion).

**Petition DENIED.**[1]

---

[1] We do not reach any issue related to ineffective assistance of counsel, which is not before us on the present petition.

Aguallo v. Holder, No. 06-71785

PREGERSON, Circuit Judge, dissenting:

While Aguallo's motion to reopen failed to present evidence previously unavailable at the time of the merits hearing before the Immigration Judge, Aguallo may have an ineffective assistance of counsel claim.

Miguel Angel Aguallo ("Aguallo") has lived in the United States for over 22 years. Aguallo, a native and citizen of Belize, was admitted into the United States in 1988 on a tourist visa and overstayed his departure date. He is a trained mechanic, and is highly respected by his co-workers. Aguallo has four American-born citizen children, now approximately 15, 14, 12, and 10 years old. Witnesses have testified to Aguallo's excellent parenting and his active involvement in his children's education and general welfare. Scores of certificates and report cards testify to his children's achievements in school.

Meanwhile, Aguallo's wife, also a native and citizen of Belize without documents, has been sporadically absent from their household, often leaving for months at a time. At the time of the hearing before the Immigration Judge, Aguallo's wife had filed for divorce. Aguallo testified that he would likely take his children with him to Belize because he did not trust that his wife would be able to

1

care for them. But it is unclear whether his wife would allow him to do so.

The Immigration Judge found Aguallo ineligible for cancellation of removal for failing to demonstrate "exceptional and extremely unusual hardship" to his four U.S. citizen children, and granted him voluntary departure. The BIA affirmed. However, Aguallo's inability to establish hardship was not for want of evidence. The record is scant, but Aguallo's attorney could have provided supportive affidavits or declarations documenting the recurring absenteeism of Aguallo's wife and indicating how Aguallo's removal, in combination with his wife's absence and the lack of any reliable person with whom to leave his four children, would create exceptional hardship to his children. The fact that no such evidence was introduced speaks poorly of the quality of representation Aguallo received.

Moreover, instead of appealing the BIA's decision, Aguallo's attorney filed a motion to reopen, arguing "changed country conditions"—an argument normally reserved for asylum claims. Aguallo's attorney argued that increased crime and a lack of adequate employment and educational opportunities in Belize warranted reopening his case. But rather than file the 2004 U.S. Department of State Country Conditions Report for Belize, which <u>was not</u> available at the time of Aguallo's merits hearing but which <u>was</u> available by the time the motion to reopen was filed, Aguallo's attorney inexplicably filed the 2003 report, which <u>was</u> available at the

2

time of the hearing and therefore <u>could not</u> be used as the basis for a motion to reopen.

Given his attorney's deficient performance, Aguallo may wish to consider filing a motion to reopen based on a claim of ineffective assistance of counsel. <u>See Puga v. Chertoff</u>, 488 F.3d 812, 815-816 (9th Cir. 2007) (indicating that ineffective assistance of counsel claims must be raised in a motion to reopen before the BIA). Unfortunately, we may review ineffective assistance of counsel claims only after they are first raised to the BIA. <u>Ontiveros-Lopez v. INS</u>, 213 F.3d 1121, 1124 (9th Cir. 2000). Aguallo was represented by the same attorney in his merits hearing, in his appeal to the BIA, and in his motion to reopen. Unless his current lawyer argues her own ineffective assistance, he will be left without recourse. Thus, Aguallo might also give some thought to seeking assistance from a pro bono legal organization or a law school immigration law clinic. In any case, his current lawyers have done Aguallo a disservice which should not be ignored.

Aguallo's case is yet another example of the cruelty and coldness of our immigration laws and the suffering inflicted on innocents. When a parent is denied cancellation of removal, the government effectively banishes his children from the only home they know, depriving our country of their talents and denying them a productive future. This de facto expulsion from the country also forces those

3

children to forego their constitutionally protected right to remain in the country of their birth with their family intact, in violation of due process. See, e.g., Moore v. City of E. Cleveland, 431 U.S. 494, 503-05 (1977) (plurality opinion) ("Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this Nation's history and tradition."); Stanley v. Illinois, 405 U.S. 645, 651 (1972) (recognizing that "[t]he integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment"). I cannot be a party to such a cruel result.