**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MODESTA AGUILAR GONZALEZ,
                    *Petitioner,*

            v.

MICHAEL B. MUKASEY, Attorney
General,
                    *Respondent.*

No. 04-74576

Agency No.
A47-424-635

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 14, 2008
Withdrawn from Submission February 21, 2008
Resubmitted July 29, 2008
Pasadena, California

Filed July 29, 2008

Before: Betty B. Fletcher and N. Randy Smith,
Circuit Judges, and Samuel P. King,* District Judge.

Opinion by Judge B. Fletcher:
Dissent by Judge N.R. Smith

---

*The Honorable Samuel P. King, Senior District Judge, sitting by designation.

9619

## COUNSEL

Lenore A. Ceithaml, San Diego, California, for the petitioner.

Eric W. Marsteller, U.S. Department of Justice, Civil Division, Washington, D.C., for the respondent.

## OPINION

B. FLETCHER, Circuit Judge:

Modesta Aguilar Gonzalez petitions for review of the Board of Immigration Appeals' (BIA) order affirming, in a streamlined decision, the Immigration Judge's (IJ) decision denying her motion to terminate removal proceedings against her and finding that she is inadmissible under INA § 212(a)(6)(E)(i), 8 U.S.C. § 1182(a)(6)(E)(i), because she assisted in the smuggling of two undocumented alien minors into the United States. She was placed in removal proceedings after she attempted to enter the United States in a vehicle that carried two undocumented infants. Earlier that day, Modesta had left California with her family, knowing that her father planned on using her U.S.-citizen son's birth certificate to pass one of the two infants into the United States. The issue before us is whether Modesta's presence and acquiescence in her father's plan was sufficient to sustain a finding that she aided and

abetted an alien to try to enter the United States in violation of law.[1]

We have jurisdiction under 8 U.S.C. § 1252 to review a final order of removal. We hold that Modesta's mere presence and acquiescence does not constitute alien smuggling under INA § 212(a)(6)(E)(i). We therefore grant the petition for review.

## I.   Background

Modesta Aguilar Gonzalez, a citizen of Mexico, entered the United States as a legal permanent resident in 2000 when she was 19 years old. Her father, Isauro Aguilar Campos, had petitioned for Modesta, her mother, and her four younger brothers to come to the United States. Modesta is a single mother whose son was five months old on the date of the events at issue here. The entire family lives in a house that Modesta jointly owns with one of her brothers. Modesta does not have a criminal record and has had steady employment since at least October of 2001.

On October 23, 2003, Isauro approached Modesta and told her of his plan to bring two undocumented infant relatives into the United States. He explained to her that he needed to use her son's birth certificate for one of the infants, and that it would be easier to get through inspection if the child's "mother" was with them. Twice she refused to accompany him or provide him with the birth certificate. When he asked the third time, however, she "reluctantly said yes." She did not wish to disappoint him, and was particularly concerned because her father helps pay the mortgage on her house. The record does not establish whether Modesta gave her father the

---

[1]Modesta also argues that the Department of Homeland Security (DHS) violated her due process rights by acting in bad faith when they failed to process her request for prosecutorial discretion. In light of our holding on the INA § 212(a)(6)(E)(i) claim, we need not reach this issue.

birth certificate or whether he took it. She did accompany him to Mexico, however, and her son's birth certificate was presented to DHS inspectors on the attempted reentry into the United States with the infants.

Isauro borrowed a Chevy Suburban from a relative and drove to Mexico to pick up the two undocumented infants and one of Isauro's U.S.-citizen grandchildren. When they attempted to reenter the United States, Isauro was driving with his wife in the front passenger seat. Several other relatives were in the second row, and Modesta was in the third row, with the undocumented infants on either side of her. As will be discussed below, there is some dispute over exactly what happened at primary inspection, but someone presented the birth certificates to the primary inspection officer who suspected that the infants were not the rightful owners. As a result, Isauro and Modesta were referred to secondary inspection where they admitted that the infants were not U.S. citizens. The infants were sent to the Mexican consulate and the other occupants of the vehicle were fingerprinted and released into the United States.

Isauro and Modesta were both charged with alien smuggling and placed in removal proceedings. Isauro was eventually granted cancellation of removal. Modesta, however, was ineligible for relief from removal because she had resided lawfully in the United States for only three years.

At her master calendar hearing, Modesta denied that she was an arriving alien and that she knowingly assisted in the attempt to smuggle two undocumented infants into the United States. She contested removability asserting that she did not actively engage in the attempt. She further informed the immigration court of her intent to seek relief through termination of proceedings.

The government countered that Modesta actively participated in the attempt by presenting the two borrowed United

States birth certificates to the primary inspecting officer. The government based this assertion on the contents of Form G-166 (Report of Investigation) and Form I-213 (Record of Deportable/Inadmissible Alien).

In her motion to terminate, Modesta explained that her participation in the scheme was unwilling, and that she accompanied her father only because she was afraid that he would stop helping her pay the mortgage on her house if she did not go. She also claimed that Isauro was the one that presented the birth certificates to the inspecting officers. In support of this argument, she pointed to contradictory language in the government's evidence. Specifically, while Form I-213 stated that she "presented two U.S. birth certificates on behalf of the children," Form G-166 said that "the driver, AGUILAR-Campos Isuaro presented two State of California Birth Certificates on behalf of the minors." In its motion in opposition, the government did not address these contradictions, but instead insisted that Form I-213 contained sufficient information to find Modesta removable as charged.

At her merits hearing, Modesta, through counsel, submitted an affidavit from Isauro declaring, "It was my idea and mine alone to cross [the] two children, [Modesta] didn't want to go but I insisted and she obeyed me because I am her father." She also filed her father's Form I-213, which stated that he was the one who presented the two U.S. birth certificates to the inspecting officer. Additionally, she made an offer of proof that, if called to testify, she would declare that

> her father approached her and asked her twice if he could use her son's birth certificate to bring to the United States a child named Luis. Both times she responded, "No." He asked her again to provide him with her son's birth certificate and to accompany him to Mexico. This third time she reluctantly said yes so as not to disappoint him. She did so without realizing the consequences of her actions. She knew

that her son's birth certificate would be used to bring an undocumented infant across the border. She went with her father and other family members to Mexico to bring across not only Luis but another undocumented minor.

On April 14, 2004, the IJ issued a written decision denying Modesta's motion to terminate and finding her removable. His decision was based solely on her offer of proof. Importantly, he did not consider Forms G-166 or I-213 in reaching his conclusion. The IJ explained that

> Information as to who provides documents to an inspecting officer is crucial information. Here, it is unclear as to who provided the birth certificates to the inspecting officer. When information on authenticated immigration forms have incorrect or contradictory information, the Court cannot rely on them. Because the respondent has provided evidence to rebut the presumption of reliability on said documents, the Court will not rely on them to determine whether she is removable as charged.

The IJ nevertheless concluded that Modesta had assisted in alien smuggling by "lending countenance" to the scheme by lending her son's birth certificate to her father with knowledge that it would be used to bring an undocumented infant into the United States. According to the IJ, Modesta's "presence in the vehicle and acquiesce [sic] in supplying the document to her father for such purpose, is sufficient evidence to sustain the charge of removability against [her]."

Modesta appealed to the BIA, which affirmed in a streamlined decision. *See* 8 C.F.R. § 1003.1(e)(4). In her petition for review, she argues that the government did not carry its burden of proving that she aided and assisted in alien smuggling because the government did not establish that she engaged in any active conduct pursuant to the scheme. Specifically, she

denies giving the birth certificate to her father, instead insisting that "he knew where she kept it and he took it."

## II.   Standard of Review

The proper standard of review in immigration proceedings depends on the nature of the decision being reviewed. *See Manzo-Fontes v. INS*, 53 F.3d 280, 282 (9th Cir. 1995). Legal questions concerning the meaning of the immigration laws are reviewed *de novo*. *Lagandaon v. Ashcroft*, 383 F.3d 983, 987 (9th Cir. 2004). The IJ's factual findings, on the other hand, are reviewed for substantial evidence. *Chavez-Ramirez v. INS*, 792 F.2d 932, 934-35 (9th Cir. 1986). Thus the first thing this court must do is identify whether it is being asked to review a factual finding or a question of law.

The only factual findings in this case are that Modesta was present in the vehicle and that she had lent her son's birth certificate to her father. The former is not contested. As to the latter, it is unclear what the IJ meant by "lend." The IJ did not say Modesta physically handed the birth certificate to her father, and she insists that she did not. Critically, her offer of proof cannot be read as an admission that she handed the birth certificate to her father; all she says is that on the third time he asked her for it "she reluctantly said yes." We therefore conclude that if the IJ meant that Modesta physically handed the birth certificate to her father, that finding was not based on substantial evidence. *See Ahmed v. Keisler*, 504 F.3d 1183, 1198 (9th Cir. 2007) (noting that where there is no evidence to support a finding, "it is conjecture and cannot be substituted for substantial evidence" (internal quotation and citation omitted)). The question presented is therefore whether Modesta assisted in alien smuggling by reluctantly acquiescing in her father's use of her son's birth certificate. We review this purely legal question regarding the meaning of INA § 212(a)(6)(E)(i) *de novo*. *Lagandaon*, 383 F.3d at 987.

## III. Discussion

**[1]** In *Altamirano v. Gonzales*, 427 F.3d 586 (9th Cir. 2005), we considered whether mere presence in a vehicle with knowledge that undocumented aliens were hiding in the trunk constitutes alien smuggling under INA § 212(a)(6)(E)(i).[2] We held that it does not because the "plain meaning of this statutory provision requires an *affirmative act* of help, assistance, or encouragement." *Altamirano*, 427 F.3d at 592 (emphasis added). In support of this conclusion, we also considered the "well-established meaning of aiding and abetting" in the criminal context, which requires the individual to "associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek *by his action* to make it succeed." *Id.* at 594 (quoting *Nye & Nissen v. United States*, 336 U.S. 613, 619 (1949)).

Relying on the statutory language and the criminal cases interpreting aiding and abetting, we concluded that Altamirano did not engage in alien smuggling. Her presence in the vehicle with knowledge that the other occupants planned to commit alien smuggling did not constitute an affirmative act, even though she carried out the "act" of entering the car knowing that an undocumented alien was hiding in the back. *See id.* at 596. We therefore granted the petition for review and remanded to the IJ with instructions to grant Altamirano's motion to terminate removal proceedings against her. *Id.*

**[2]** Just as we could not conclude in *Altamirano* that riding in a car carrying an undocumented alien was an affirmative act, we cannot conclude that Modesta engaged in an affirmative act by reluctantly saying "yes" to her father's repeated requests to use her son's birth certificate. It bears repeating

---

[2]Although *Altamirano* was decided after the IJ rendered his decision, the holding is applicable here because it establishes the proper interpretation of the statute since the statute's inception. *See United States v. City of Tacoma*, 332 F.3d 574, 581 (9th Cir. 2003).

that neither Modesta's proffer nor anything else in the record establishes that she gave her father the birth certificate. She merely acquiesced in her father's decision to use it. Acquiescence is not an affirmative act, however, and as such, Modesta did not assist in alien smuggling.

## IV.    Conclusion

**[3]** The IJ committed legal error by interpreting INA § 212(a)(6)(E)(i) to reach cases such as this involving mere presence and acquiescence. We therefore grant the petition for review and remand to the IJ with instructions to grant Modesta's motion to terminate removal proceedings against her.

**PETITION GRANTED.**

---

N.R. SMITH, dissenting:

There is no doubt that the facts underlying this case are unfortunate. It is not even a stretch to call them unfair. Modesta's father, the mastermind and driving force behind the alien smuggling for which Modesta was charged, was ultimately granted cancellation of removal and allowed to stay in the United States. Modesta, who reluctantly participated in the smuggling at the insistence of her father, was ineligible for such relief and found removable. However, we are not free to stretch the law to avoid results that we do not like. In my view, the majority has done so here and I respectfully dissent.

In one respect, the facts of this case nearly mirror those of *Altamirano v. Gonzales*, 427 F.3d 586 (9th Cir. 2005). There, we held that a petitioner's mere presence in a vehicle with knowledge of a plan to smuggle an undocumented alien across the border in the trunk of the vehicle did not constitute alien smuggling under INA § 212(a)(6)(E)(i). *Id.* at 595-96. We held that INA § 212(a)(6)(E)(i) is not violated absent "an

affirmative act of assistance or encouragement." *Id.* at 596. Like the petitioner in *Altamirano*, Modesta was present in a vehicle and had knowledge of her father's plan to smuggle two undocumented infants across the border. Modesta even sat between the infants. This alone, however, was undoubtedly insufficient to constitute alien smuggling. *Id.*

However, this case presents facts that *Altamirano* did not. In addition to her presence in the vehicle, Modesta allowed her father to use her son's birth certificate to smuggle the undocumented infants. The majority characterizes this agreement as a "reluctant acquiescence" and ultimately holds that acquiescence is not an affirmative act, as required for alien smuggling under *Altamirano*. I disagree.

I do not necessarily disagree with the majority that acquiescence is not an affirmative act. Legally, acquiescence is defined as "[a] person's tacit or passive acceptance" or a person's "implied consent to an act." Black's Law Dictionary (8th ed. 2004). This definition fits squarely with *Altamirano*'s holding that mere presence in a vehicle is not an affirmative act even if the petitioner has knowledge of the smuggling. This makes sense. Mere presence in a vehicle with knowledge of alien smuggling is "tacit or passive acceptance" or "implied consent" to the smuggling, but nothing more.

I part ways with the majority, however, at the point at which they characterize Modesta's actions as "reluctant acquiescence." Under this definition, Modesta did not "merely" acquiesce to her father's use of her son's birth certificate. If, for example, Modesta had seen her father take her son's birth certificate and said nothing, we could properly characterize her actions as acquiescence because her consent would have been passive or implied. However, that is not what occurred. Modesta actively assisted her father by explicitly agreeing that he could use her son's birth certificate. Indeed, her father's repeated requests demonstrate that, for whatever reason, he felt that he could not simply take the birth certifi-

cate and leave Modesta out of his plan altogether. Rather, he needed Modesta's explicit permission before he could use the birth certificate for purposes of alien smuggling. Thus, although the majority's opinion does not explicitly say so, by holding that Modesta did not commit an affirmative act as required by *Altamirano*, the majority implies that an oral statement alone can never be an affirmative act. I disagree.

Our analysis in *Altamirano* focused heavily on the meaning of aiding and abetting because INA § 212(a)(6)(E)(i) "import[ed] this concept from criminal law and because the alien smuggling provisions of the INA have been generally analyzed as aiding and abetting statutes." *See* 427 F.3d at 594. We noted that "[t]he prosecution must prove that the defendant was a participant, and not merely a knowing spectator" and that a person "cannot be convicted of aiding and abetting absent an affirmative act of assistance in the commission of the crime." *Id.* at 594-95 (internal quotation marks and citations omitted). We did not, however, hold that an oral statement could never constitute an affirmative act of assistance.

Boiled down, aiding and abetting merely requires that the defendant "engaged in some affirmative conduct designed to aid in the success" of the commission of a crime with "knowledge that his actions would assist the perpetrator." *United States v. Smith*, 832 F.2d 1167, 1171-72 (9th Cir. 1987) (quoting *United States v. Cowart*, 595 F.2d 1023, 1031 (5th Cir. 1979)). The majority's holding that this affirmative conduct can never take the form of an oral statement will open a pandora's box of absurd results. For example, a defendant who says "yes, you can use my house to produce methamphetamine, but I will not open the door for you or participate" would not be guilty of aiding and abetting the manufacture of drugs. Likewise, the defendant who says "yes, you can borrow my shotgun and car so that you can rob a bank" would not be guilty of aiding and abetting as long as he also says "the gun is in the closet and the keys are on the counter — get them yourself."

Here, Modesta engaged in affirmative conduct (allowing her father to use her son's birth certificate) designed to assist her father in smuggling undocumented infants into the United States. She did so with the knowledge that her conduct would assist her father. Thus, in my view, Modesta's agreement that her father could use her son's birth certificate was "an affirmative act of assistance" sufficient to constitute alien smuggling under INA § 212(a)(6)(E)(i) and *Altamirano*. The fact that she was "reluctant" to do so and agreed only to avoid disappointing her father does not change this result. I maintain the view that, although it is sometimes difficult, we are not free to adjust the tune of the law any time it does not harmonize with that of our heartstrings.

Because the majority decides as a matter of law that Modesta's actions did not constitute alien smuggling, it does not reach the question of whether the Immigration Judge's (IJ) factual findings were supported by substantial evidence. *See Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001) (stating standard of review). Because the administrative record contains an offer of proof in which Modesta admits that she agreed to allow her father to use her son's birth certificate knowing that it would be used for alien smuggling, "any reasonable adjudicator" would not be "compelled to conclude to the contrary" of the IJ's findings. 8 U.S.C. § 1252(b)(4)(B). Thus, I would deny Modesta's petition for review.