NOT FOR PUBLICATION


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTEPHAN GIBRAN SARKIS,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 06-72875<br><br>Agency No. A091-899-629<br><br>MEMORANDUM* |
| ESTEPHAN GIBRAN SARKIS,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-71635<br><br>Agency No. A091-899-629 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 6, 2010
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: THOMPSON, FERNANDEZ and SILVERMAN, Circuit Judges.

Estephan Gibran Sarkis, a native and citizen of Lebanon, petitions for review of two decisions by the Board of Immigration Appeals ("BIA"). First, Sarkis petitions for review of a May 10, 2006, decision affirming the Immigration Judge's ("IJ") denial of Sarkis' applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Sarkis also petitions for review of the BIA's March 31, 2008, denial of his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We deny Sarkis' petition in part and grant it in part. We remand the petition and the motion to reopen to the BIA.

1. *Denial of asylum, withholding of removal, and relief under the CAT*

Sarkis contends the IJ and the BIA denied him due process by refusing to consider whether he met the changed circumstances exception to the one-year deadline to file his asylum application. *See* INA § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B) (one-year time bar); INA § 208(a)(2)(D), 8 U.S.C. § 1158(a)(2)(D) (changed circumstances exception). We review claims of due process violations de novo. *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006).

Neither the IJ nor the BIA deprived Sarkis of his due process rights. A due process violation occurs when "the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case," and the asserted

2

violation caused actual prejudice. *Id.* at 620-21 (internal quotations and citation omitted). Contrary to Sarkis' contentions, the IJ gave Sarkis' former counsel ample opportunity to present evidence of changed conditions. Both the IJ and the BIA considered the evidence and correctly concluded that Sarkis had not met the requirements for the INA § 208(a)(2)(D) exception. Further, any supposed error by the IJ or the BIA was not prejudicial because the record demonstrates, and Sarkis conceded at oral argument, that his circumstances had not actually changed. Hence, even given additional opportunity to present evidence, he could not have met the changed circumstances exception to the asylum application deadline. We therefore deny Sarkis' petition as to his due process claim.

Sarkis also petitions for review of the BIA's denial of withholding of removal under Immigration and Nationality Act § 241(b)(3), 8 U.S.C. § 1231(b)(3), and relief under Article 3 of the Convention Against Torture. Sarkis contends the BIA erred when it found that a fear of conscription into the Lebanese military could not amount to persecution under the Act, even though the Lebanese military was controlled by Syria at the time. We review this question of law de novo. *See Aguilar Gonzalez v. Mukasey*, 534 F.3d 1204, 1208 (9th Cir. 2008).

In general, an alien's desire to avoid compulsory service in his country's military does not support a well-founded fear of future persecution. *Castillo v.*

*I.N.S.*, 951 F.2d 1117, 1122 (9th Cir. 1991) (concluding that being forced to serve in the military, where alien believed the military was "absurd," was not an objectively reasonable ground for a fear of persecution). But rather than fearing service in his own country's military, Sarkis claimed that conscription would essentially require him to serve under the occupying Syrian government.

We conclude that the BIA erred by failing to acknowledge that this distinction is the essence of Sarkis' argument. We thus remand to the BIA to consider, in the first instance, whether the military situation is as Sarkis claims, and if so, whether an alien's desire to avoid compulsory military service in his native country may support a well-founded fear of persecution when a hostile foreign government occupies or controls the country's military.

### 2. *Denial of Sarkis' motion to reopen*

Sarkis next challenges the BIA's denial of his motion to reopen removal proceedings. He argues that the BIA erred when it refused to consider how his changed personal circumstances—namely, his marriage to a Jewish woman after a five-year relationship—could contribute to a fear of persecution in light of changed country conditions within Lebanon. We review the BIA's denial of a motion to reopen for abuse of discretion. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir.

4

2010). An error of law constitutes an abuse of discretion. *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008).

The BIA based its refusal to consider Sarkis' personal circumstances in light of changes in Lebanon on precedent that is not squarely on point. The BIA relied on a line of cases in which aliens attempted to meet the "changed country conditions" exception to the 90-day filing deadline for motions to reopen by presenting evidence of changed personal circumstances without accompanying evidence of changed country conditions. *See, e.g.*, *Chang Hua He v. Gonzales*, 501 F.3d 1128, 1130 (9th Cir. 2007). In such a case, "absent additional evidence of changed circumstances in [the country of origin]," evidence of changed personal circumstances alone does not establish changed conditions within the country of origin for purposes of the INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii), time bar exception. *Id.* at 1132; *see also id.* at 1133 ("We hold that the birth of a child outside the country of nationality is insufficient, *on its own*, to establish changed circumstances within the meaning of 8 C.F.R. § 1003.2(c)(3)(ii)." (emphasis added)); *accord Najmabadi*, 597 F.3d at 991 (dicta).

We approve of the general rule that a voluntary change in personal circumstances alone is not a sufficient ground to reopen under the changed country conditions exception to the 90-day time bar. However, we note two important

distinctions between Sarkis' situation and the *Chang Hua He* line of cases.  First, unlike in *Chang Hua He*, the BIA did not make a finding that Sarkis failed to come within the changed country conditions exception.  The Board also did not find his motion untimely.  More importantly, Sarkis offers evidence of *both* changed country conditions and changed personal circumstances.  *Chang Hua He* and related cases do not address whether, assuming the petitioner has shown changed country conditions, the BIA should consider evidence of changed personal circumstances in combination with the changed country conditions when ruling on the merits of the petitioner's case.

Here, Sarkis presented evidence of a five-year relationship with a Jewish woman culminating in marriage.  The couple lived together for around two and a half years before the 2006 Israeli invasion of Lebanon.  Sarkis contends the invasion resulted in an increased presence of the Islamic terrorist group Hezbollah within Lebanon.  He married the woman in 2007, the year after this asserted change of country conditions.  Sarkis claimed that returning to Lebanon would put him, his wife, and his family in danger, given the current anti-Western and anti-Israeli atmosphere perpetuated by Hezbollah.

We thus remand to the BIA for consideration of: (a) whether, in a situation like Sarkis'—where his relationship with his current wife preceded a change in

6

country conditions, followed the change in country conditions by marriage, and his new spouse is from a disfavored group—it is proper to evaluate changed country conditions as they relate to these changed personal circumstances; and if so, (b) whether Sarkis' case merits reopening given the changed conditions in Lebanon as they relate to his five-year relationship and subsequent marriage to a Jewish woman.

Sarkis' petition for review of the BIA's denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture is **DENIED in part, GRANTED in part, and REMANDED** to the BIA for further proceedings. His petition for review of the BIA's denial of his motion to reopen removal proceedings is **REMANDED** as well. Each party shall bear its own costs for this petition for review.