**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GABRIEL HIGAREDA AVILA,

        Petitioner,

    v.

ERIC H. HOLDER, Jr., Attorney General,

        Respondent.

No. 09-73183

Agency No. A077-355-456

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2011[**]

Before:    B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Gabriel Higareda Avila, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252.

We review for substantial evidence the agency's findings of fact, and review de

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo constitutional challenges to removal orders. *Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1015 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's determination that Higareda Avila participated in alien smuggling as defined in 8 U.S.C. § 1182(a)(6)(E)(i), where the record reflects that he delivered fraudulent entry documents to another alien and drove the alien to the border intending to assist his entry into the United States in violation of law. *See Urzua Covarrubias v. Gonzales*, 487 F.3d 742, 748-49 (9th Cir. 2007) (knowing act of assistance to another's effort to enter the United States illegally is an affirmative act constituting alien smuggling); *cf. Aguilar Gonzalez v. Mukasey*, 534 F.3d 1204, 1209 (9th Cir. 2008) (no affirmative act of alien smuggling where petitioner did not provide her daughter's birth certificate for use by another to enter the United States, but merely acquiesced to its use).

Higareda Avila's due process rights were not violated by admission of the Form I-213 because Higareda Avila failed to produce probative evidence casting doubt on the form's reliability. *See Espinoza v. INS*, 45 F.3d 308, 311 (9th Cir. 1995) (there is no right to cross-examine the preparer of a Form I-213 where the alien fails to produce probative evidence casting doubt on the form's reliability).

09-73183

Higareda Avila's claim that the Due Process Clause required that he be given a *Miranda* warning before questioning is without merit.  *See Samayoa-Martinez v. Holder*, 558 F.3d 897, 901 n.6 (9th Cir. 2009) (noting the government is not required to notify an alien of the right to remain silent or a right against self-incrimination).

**PETITION FOR REVIEW DENIED.**