**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO AVINA-RENTERIA, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 06-73998 Agency No. A090-023-370 MEMORANDUM* |
| FRANCISCO AVINA-RENTERIA, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 06-74631 Agency No. A090-023-370 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 7, 2011
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: PREGERSON, WARDLAW, and BEA, Circuit Judges.

Francisco Avina-Renteria, a native and citizen of Mexico and a lawful permanent resident of the United States, seeks review of (1) the Board of Immigration Appeals' ("BIA") order summarily affirming his removability for alien smuggling under 8 U.S.C. § 1182(a)(6)(E)(i), and (2) the BIA's denial of his motions to reopen and reconsider. We have jurisdiction under 8 U.S.C. § 1252, and we grant the consolidated petition for review.[1]

Because the BIA affirmed the decision of the Immigration Judge ("IJ") without opinion, we review the IJ's decision. *Kebede v. Ashcroft*, 366 F.3d 808, 809 (9th Cir. 2004). We review the IJ's legal conclusions de novo and the IJ's factual findings for substantial evidence. *Aguilar Gonzalez v. Mukasey*, 534 F.3d 1204, 1208 (9th Cir. 2008). The BIA's denial of a motion to reopen and for reconsideration is reviewed for abuse of discretion and we "reverse only if the Board acted arbitrarily, irrationally, or contrary to law." *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005).

The government bears the burden of establishing Avina-Renteria's removability for alien smuggling by "clear, unequivocal, and convincing

---

[1] Because we remand for a new hearing as to removability, we do not reach petitioner's arguments with respect to cancellation of removal and ineffective assistance of counsel.

evidence." *Hernandez-Guadarrama v. Ashcroft*, 394 F.3d 674, 679 (9th Cir. 2005) (citing *Gameros-Hernandez v. INS*, 883 F.2d 839, 841 (9th Cir. 1989)); *see also* 8 U.S.C. § 1229a(c)(3)(A). Thus, although we review the IJ's findings of fact establishing removability for "reasonable, substantial, and probative evidence . . . , we affirm [a finding of removability] only if the agency has successfully carried this heavy burden of clear, unequivocal, and convincing evidence." *Hernandez-Guadarrama*, 394 F.3d at 679 (internal quotation marks omitted).

If "petitioner's counsel expressly concede[s] removability[,] . . . the government's burden is satisfied." *Shin v. Mukasey*, 547 F.3d 1019, 1024 (9th Cir. 2008). In this case, however, counsel did not expressly concede Avina-Renteria's removability.

Avina-Renteria's counsel admitted the factual allegation of alien smuggling, but only with a proviso that Avina-Renteria was eligible for a waiver because he was related by blood and marriage to the children in the vehicle. Counsel never expressly admitted to the factual allegation after the IJ determined that Avina-Renteria's relationship with the children was not close enough to qualify for a waiver. Furthermore, although an IJ is required to ask the alien if he or she "admits the factual allegations *and* admits his or her removability under the charges," 8 C.F.R. § 1240.10(c) (emphasis added), the IJ never asked Avina-

3

Renteria or his counsel whether removability was conceded as charged.[2] Mere acquiescence, or failure to contest an IJ's statement that admissions have been made, does not meet the government's burden of proving removability by clear and convincing evidence. *See Cortez-Acosta v. INS*, 234 F.3d 476, 481-82 (9th Cir. 2000) (holding that a pro-se petitioner's failure to express his disagreement with the IJ's statement that he had admitted to participating in alien smuggling at his unrecorded master calendar hearing failed to meet the government's burden). And the record is clear that neither Avina-Renteria nor his counsel expressly conceded removability.

Moreover, the regulations stipulate that an IJ can determine removability on the basis of the alien's admissions only if the IJ "is satisfied that no issues of law or fact remain." 8 C.F.R. § 1240.10(c). It was clear, on this record, that issues of law and fact remained. Petitioner's counsel contested whether the government had established the facts necessary to show that Avina-Renteria acted affirmatively

_____

[2]Although the dissent glosses over this requirement, the regulations explicitly require that the alien admit to the factual allegations *in addition to* his removability under the charges in order for the IJ to determine that removability has been established by the alien's admissions. 8 C.F.R. § 1240.10(c).

4

under *Altamirano v. Gonzales*, 427 F.3d 586 (9th Cir. 2005).[3] After the IJ

concluded that Avina-Renteria was removable as charged, his counsel raised the

following concerns:

> There is a minor issue here, Your Honor. There were several people in the vehicle which was stopped, of course, with the two persons involved. I don't believe he was the driver and there may be an issue of whether he was aware of exactly what was going on in as much as it was the aunt of the two children and I believe other persons in that vehicle.

> Instead of resolving these outstanding factual and legal questions, the IJ

stated that Avina-Renteria could "raise those issues on appeal." Because there was

no regulatory basis for the IJ's determination of removability, counsel's qualified

---

[3]Although *Altamirano* was not decided until after Avina-Renteria's hearing before the IJ, *Altamirano* applies because "it establishes the proper interpretation of the statute since the statute's inception." *Aguilar Gonzalez*, 534 F.3d at 1208 n.2.

admission to certain underlying factual allegations was insufficient to establish removability.[4]

Nor does any other evidence in the record meet the government's burden of establishing Avina-Renteria's removability by clear, unequivocal, and convincing evidence. The alien smuggling statute's plain language requires an alien to perform "an affirmative act of assistance or encouragement." *Altamirano*, 427 F.3d at 588, 596 (holding that an alien's "mere presence in the vehicle with knowledge of the [smuggling] plan" does not constitute alien smuggling); *Aguilar Gonzalez*, 534 F.3d at 1209 (holding that an alien did not commit alien smuggling by reluctantly allowing her father to use her son's birth certificate).

The IJ found Avina-Renteria to be removable for alien smuggling because of his knowledge that the children in the vehicle "didn't have an[y] documents," and

---

[4] This result is entirely consistent with this court's recent decision in *Perez-Mejia v. Holder*, --- F.3d ----, 2011 WL 1496990 (Apr. 21, 2011). In *Perez-Mejia*, the IJ complied with the applicable regulations in determining removability based on the alien's admissions: the alien's counsel (1) expressly admitted to all of the factual allegations, and (2) conceded the alien's removability based on these factual allegations. *Id.* at *2. Moreover, in *Perez-Mejia*, there was no indication from the alien's counsel that issues of law and fact remained, so it was appropriate for the IJ to conclude that the alien's removability had been established "by clear, convincing, and unequivocal evidence." *Id.* at *3. While an alien's factual admission to a prior conviction is "binding," *id.* at *10, this does not mean that counsel's qualified admission to the factual allegation of alien smuggling is binding, especially when counsel shortly thereafter contests the factual allegation given the alien's lack of affirmative participation in the alien smuggling.

6

because his wife presented birth certificates for the children "which he knew were not their birth certificates." As in *Altamirano*, while Avina-Renteria may have had reason to know that his wife was engaging in alien smuggling, the record does not show that Avina-Renteria did anything affirmatively to assist or encourage her acts. The IJ, therefore, committed legal error in determining that mere knowledge of the smuggling satisfied the statute.

The government argues that Avina-Renteria committed an affirmative act by driving the vehicle to the border with knowledge that his wife planned to smuggle in the children. Even assuming that driving a vehicle in these circumstances qualifies as an affirmative act,[5] the government did not meet its burden of providing clear, unequivocal, and convincing evidence that Avina-Renteria was the

---

[5] We do not reach a conclusion on whether merely driving a vehicle across the border constitutes an affirmative act under 8 U.S.C. § 1182(a)(6)(E)(i). The dissent's citation to *Altamirano* is inapposite because the relevant affirmative act in the Seventh Circuit case cited by the *Altamirano* panel was *not* driving across any border; indeed the petitioner in the Seventh Circuit case did not even drive across the border. Instead, the affirmative act was his *pre-arrangement* to drive aliens from the American side of the border to San Antonio, Texas. The Seventh Circuit concluded that "this arrangement could certainly be construed as having 'encouraged' or 'induced' the aliens to cross the border illegally." *Sanchez-Marquez v. INS*, 725 F.2d 61, 63 (7th Cir. 1984). The *Altamirano* panel did not cite *Sanchez-Marquez* as holding that a driver performs an affirmative act, but rather noted in a parenthetical that this case held that an alien who "pre-arranged to drive and drove seven aliens from the Texas-Mexico border to San Antonio" performed an affirmative act. 427 F.3d at 593.

driver of the vehicle. Although the Form I-213 officer narrative indicates that Avina-Renteria was driving,[6] the I-213 does *not* state that Avina-Renteria admitted to being the driver, and Avina-Renteria's counsel indicated at the hearing before the IJ that he did not believe that his client was the driver.

The IJ did not make a finding as to whether Avina-Renteria was driving the vehicle because the IJ erroneously believed that the smuggling statute was satisfied by Avina-Renteria's mere knowledge of his wife's actions. Accordingly, the IJ made no further inquires as to whether Avina-Renteria was the driver. We reject the government's argument that the contradictory evidence in the record satisfies the government's burden of establishing that he drove the vehicle.

After the BIA affirmed the IJ's decision without opinion, Avina-Renteria filed a motion for reconsideration, arguing that the record did not establish his removability. The BIA abused its discretion in denying this motion. The BIA erroneously concluded that the record established that Avina-Renteria was removable as charged: (1) Avina-Renteria did not expressly concede removability under the applicable regulations; and (2) the government did not meet its burden of

---

[6] Moreover, there are factual discrepancies in the documents submitted by the government, which provide a reason to question the reliability of this statement in the I-213.

proving Avina-Renteria's removability for alien smuggling by clear, unequivocal, and convincing evidence.

Accordingly, we remand to the BIA with instructions to remand to the IJ for a factual hearing to determine Avina-Renteria's removability.

**GRANTED; REMANDED.**

*Avina-Renteria v. Holder*, 06-73998, 06-74631

BEA, Circuit Judge, dissenting:

The majority holds that the IJ abused his discretion by ordering Avina-Renteria removed where Avina-Renteria, through private counsel, conceded in Immigration Court that he transported two undocumented minor aliens—who were not his children—to the U.S.-Mexico border with intent to smuggle them into the United States, in violation of INA § 212(a)(6)(E)(I). The majority is able reach this conclusion only by focusing on a somewhat ambiguous, but in any event, legally and factually baseless "proviso" which counsel attempted to attach to Avina-Renteria's concession. The majority then creates a heightened burden of proof for removability, and relies on a readily distinguishable case to cast doubt on the IJ's holding. Alas, I must respectfully dissent.

Avina-Renteria, who admitted to having been arrested twice previously for alien smuggling, was detained at the Mexico-U.S. border on suspicion of attempting to smuggle two undocumented minor aliens into the United States. According to Avina-Renteria's statement to border agents—transcribed on video, and memorialized in the Department of Homeland Security Form I-213 which was admitted into evidence without objection—Avina-Renteria, his wife, and a third person ("Garcia") traveled to Tijuana, Mexico to pick up construction supplies.

1

They stopped at a tile store, and when Avina-Renteria exited the store, he saw his wife in Avina-Renteria's 2002 GMC truck with two young children.[1]  His wife told him that she wanted to transport the children across the border into the United States.  Avina-Renteria admitted he knew then and there the children were undocumented aliens.

Nonetheless, Avina-Renteria drove his GMC truck—containing his wife, Garcia, and the minor aliens—to the Mexico-U.S. border and attempted to enter the United States.  Despite the majority's vague protestations to the contrary, the fact he was the <u>driver</u> is uncontested: the I-213 Form, in evidence, states that "Avina[-Renteria] was the driver of a Gray 2002 GMC Sierra pickup truck."  Also undisputed is the fact that the truck belonged to Avina-Renteria[2] and contained his wife, Garcia, and the two undocumented children.  At the border, a federal agent determined that the birth certificates proffered by Avina-Renteria's wife for the minor aliens did not belong to the children.  Avina-Renteria, his wife, Garcia, and the children were detained on suspicion of alien smuggling.

---

[1]  Avina-Renteria now claims that the children are his niece and nephew by marriage—the children of his wife's sister.  Neither child is a citizen or legal resident of the United States.

[2]  The I-213 Form states that, upon exiting the tile store in Tijuana, Avina-Renteria "suddenly saw two kids in <u>his</u> truck."

At Avina-Renteria's immigration hearing, Avina-Renteria, through counsel, admitted the factual allegations charged in the Notice to Appear ("NTA") <u>and</u> conceded his removability for alien smuggling, as required by 8 C.F.R. § 1240.10(c). Avina-Renteria first admitted to Counts 1, 2, and 3 of the NTA.[3] Later, the IJ asked Avina-Renteria's counsel if his client admitted Count 4 of the NTA. Count 4 charged Avina-Renteria as removable pursuant to INA § 212(a)(6)(E)(I), because he "knowingly encouraged, induced, assisted, abetted, or aided Ingrid Guadalupe (age 5 yrs) and Elvin Antonio (age 3 yrs) (unknown last name), both minor aliens, to enter or to try to enter the United States, in violation of law." The NTA also stated that Count 4 made Avina-Renteria "subject to removal from the United States pursuant to the following provision(s) of law: Section 212(a)(6)(E)(I)."

> IJ: So do you now admit #4?
> Counsel: Yes, with a proviso.
> IJ: Okay.
> Counsel: . . . It appears that my client is related by blood to the, actually by marriage and by blood to the two minors that were brought in, or attempted to brought in to the United States.

---

[3] Count 1 of the NTA charged: "[You] are not a citizen or national of the United States." Count 2 charged: "[You] are a native of Mexico and a citizen of Mexico." Count 3 charged: "[You] on or about November 16, 2004 made application for admission into the United States from Mexico, via the vehicle primary lanes of the Otay Mesa Port of Entry, California, and presented an Immigration form I-551 lawfully issued to you."

| | |
|---|---|
| IJ: | Okay. |
| Counsel: | Under those circumstances if we can demonstrate that blood relationship, there may be mitigating circumstances with respect to the more serious charges of smuggling. . . . |
| IJ: | But you don't have any documents to verify it today? |
| Counsel: | I, I don't have them today . . . I have met with the aunt of the two minors . . . That person is attempting to get the birth certificates of the two minors and the relationships of those two minors to the aunt by means of the mother of the two minors, who is the sister of my client's wife.  So it's very complicated (indiscernible), and this is what we're trying to do. |
| IJ: | Well even if that's true, I don't think that's close enough relationship to mitigate. |
| Gov't Atty: | Your Honor, the only waiver that's authorized is for spouse, son, or daughter. |
| IJ: | Right. So at this point I think he's removable with no relief. Anything else? |
| Counsel: | No, your Honor.[4] |
| Gov't Atty: | No, your Honor. |
| IJ: | All right, sir, I'm going to have to find that you are removable from the United States because of this smuggling activity. |

In other words, Avina-Renteria conceded that he had violated the alien

smuggling statute—under which he is subject to removal—with the "proviso" that

he might be eligible for waiver of removal or "mitigation" based on his purported

relationship to the children "by marriage and by blood."[5]  Note that his supposed

---

[4]  Note counsel did not ask for a continuance to procure documentation of consanguinity after the government attorney and judge said it would be unavailing, since the children were not petitioner's children.

[5]  It is unclear what petitioner's counsel intended when he told the IJ "there may be mitigating circumstances with respect to the more serious charges of smuggling."  To begin with, the INA identifies only one type of alien smuggling;

4

proviso in no way undercuts his admission to the factual allegation of having knowingly driven two named and age-identified, undocumented minors to the U.S.-Mexico border with intent to bring them into the United States. Moreover, not only did Avina-Renteria fail to adduce any evidence as to his actual relationship to the children, but his asserted relationship with the minor aliens (their uncle), even if true, does not qualify him for waiver of removal; waiver of removal is limited to one's spouse, child, or parent. *See* INA § 212(a)(6)(E)(ii).[6] Nor did Avina-Renteria withdraw his admission to Count 4 when the IJ agreed with government counsel—without objection from Avina-Renteria's counsel—that Avina-Renteria's asserted relationship did not allow waiver of removal.

Nonetheless, the majority holds that this factually inadequate and legally

---

there are not "less serious" and "more serious" classes of smuggling. Moreover, the INA makes no allowance for "mitigating circumstances" in the context of alien smuggling. The only relief available in that context is waiver of removal, which is reserved solely for those who smuggle their <u>own</u> child, spouse, or parent. Thus, to the extent we interpret counsel's statement as a request for "mitigation," his request seeks an inexistent form of relief. Unless he had in mind "voluntary departure," rather than removal—but that relief presupposes the alien has already been found removable. Of course, as the attorneys and the IJ agreed at the hearing, to the extent we interpret his statement as a request for waiver of removal, his request fails for inadequate familial relationship. *See* INA § 212(a)(6)(E)(ii).

[6] Avina-Renteria's argument is akin to a criminal defendant admitting theft of U.S. currency, with the "proviso" that the United States *may* not be authorized to emit any currency but gold and silver. Nice try. *See Legal Tender Cases* (*Knox v. Lee*, 79 U.S. 457 (1871); *Juilliard v. Greenman*, 110 U.S. 421 (1884)).

baseless "proviso" invalidates Avina-Renteria's express concession of removability. Frankly, the majority has no choice but to place the entire weight of its desired outcome on this proviso; our circuit law clearly states, and the majority agrees, that the government's burden of proof in a removal proceeding is satisfied where "petitioner's counsel expressly concede[s] removability. . ." *Shin v. Mukasey*, 547 F.3d 1019, 1024 (9th Cir. 2008). But the dispositive weight the majority ascribes to the proviso is simply too great for the proviso to shoulder.

Employing the majority's logic, our cases would venture into the absurd. Under the majority's rule, an IJ could not find a petitioner removable based on the statement: "Yes, I expressly concede that I'm removable, with the proviso that my name is John, and of course there may be a provision in the INA which prohibits deporting anyone named John from the country." Or: "Yes, I'm removable, with the proviso that today is Tuesday, and of course the INA may prohibit an IJ from ordering petitioners removed on a Tuesday." Merely attaching an irrelevant and unsupportable proviso to an admission of removability does not affect the enforceability of the concession—at least it didn't until the majority adopted such a rule here.[7]

_____

[7] If Avina-Renteria's imagined "proviso" was a plea in confession and avoidance, he at least confessed removability, subject to avoidance because of his consanguinity to the minor "smugglees." If his avoidance claim is meritless at law,

6

After dismissing Avina-Renteria's express concession of removability, the majority goes on to find—just as inexplicably—that the government did not present "clear, unequivocal, and convincing evidence" of Avina-Renteria's removability. Maj. Op. at 5. Admittedly, this burden is high. But in light of the evidence offered by the government and undisputed by the petitioner, the majority must strive mightily to engineer the burden to be insurmountable. First of all, even assuming *arguendo* that Avina-Renteria's admission at his hearing to Count 4 of the NTA was not an adequate concession of removability status, and thus not conclusive as to his removability, petitioner's admission to the underlying factual allegations of the NTA is still admissible to help the government meet its burden of "clear, unequivocal, and convincing evidence." Thus, in finding that the government met its burden, the IJ properly considered Avina-Renteria's admission of the words of the NTA's Count 4: that he "knowingly encouraged, induced, assisted, abetted, or aided Ingrid Guadalupe (age 5 yrs) and Elvin Antonio (age 3 yrs), both minor aliens, to enter or to try to enter the United States, in violation of

---

at least the confession is not. Mind, he did not condition his admission on the IJ's acceptance of claimed "mitigating circumstances." Had he done that, the IJ could have brushed aside his offer as baseless and proceeded to try the case. Imagine a defendant in an auto accident case who is asked if he admits liability and answers: "Yes, with the proviso there will be no damages assessed because I am truly sorry the accident happened."

7

law."

Further, the petitioner's admission to alien smuggling was corroborated by the I-213 Form submitted into evidence (without objection) by the government. I-213 forms are presumptively reliable evidence of removability, *Tejada-Mata v. INS*, 626 F.2d 721, 724 (9th Cir. 1980), and Avina-Renteria does not suggest that the admissions in the I-213 form were obtained by duress or coercion.[8] The I-213 Form repeats Avina-Renteria's account of the alien smuggling provided above at pp. 1–2, and succinctly states that Avina-Renteria was the owner and driver of the vehicle when it attempted to cross the border. Moreover, the I-213 states that Avina-Renteria admitted to having been arrested twice before for alien smuggling.

Finally, the IJ found that the minors were not in fact Avina-Renteria's children—a factual finding supported by substantial evidence. Thus, the IJ properly held that Avina-Renteria was not eligible for § 212(a)(6)(E)(ii) waiver of relief.

In sum, it is unfathomable that this evidence does not meet this court's standard for "clear, unequivocal, and convincing evidence." Avina-Renteria admitted the factual allegations in the NTA which stated the elements of the

---

[8] That the statements were on video undoubtedly advised against such a claim.

8

smuggling charge at his hearing before the IJ, in his video-taped statement on the day of his detention, and in his statements to agents memorialized in the unchallenged, presumptively-reliable I-213 Form.  This evidence would be sufficient even without Avina-Renteria's two prior arrests for alien smuggling, evidence admissible to show intent and absence of mistake under FRE 404(b).  The majority apparently adopts a rule that the government can meet its burden only if the petitioner admits, in his hearing before the IJ, every fact necessary to find him removable; no other evidence is sufficient to be "clear, unequivocal, and convincing."  Maj. Op. at 5.  For example, according to the majority, the border agent's statement in the presumptively-reliable I-213 Form that Avina-Renteria drove his own truck to the border crossing cannot clearly and convincingly prove that fact unless Avina-Renteria admits that fact in his hearing before the IJ.  Were that true, a petitioner who stood mute could never be found to have engaged in alien smuggling.  To state the proposition is sufficient to dispel it.

Just as the majority relies on an invented, but legally baseless, proviso to avoid an express concession of removability, the majority attempts to sidestep the overwhelming evidence supporting removability by citing to a distinguishable case decided *after* the IJ first found Avina-Renteria removable: *Altamirano v. Gonzales*, 427 F.3d 586 (9th Cir. 2005).  The majority is correct that *Altamirano* held that a

9

petitioner is removable for alien smuggling under INA § 212(a)(6)(E)(I) only if he provides "affirmative assistance" to aliens in their attempt to enter the United States. 427 F.3d at 591. But, where the majority bizarrely finds a "lack of affirmative participation in the alien smuggling," Maj. Op. at 7, n.4, I find that Avina-Renteria provided affirmative, material assistance to the smuggling of the minor aliens. Unlike the passive passenger—respondent/petitioner in *Altamirano*—who merely knew there was an illegal alien hiding in the trunk, Avina-Renteria drove the minor aliens to the border, in his truck, with knowledge they were undocumented and with intent to smuggle them into the United States. In fact, the panel in *Altamirano* explicitly recognized a distinction between a passive passenger in a car containing an illegal alien and the driver of that car by distinguishing its holding from a Seventh Circuit case involving a driver. *See id.* at 593 (citing *Sanchez-Marquez v. INS*, 725 F.2d 61, 63 (7th Cir. 1984) (upholding a removal order for an alien who pre-arranged to drive and drove seven illegal aliens from the U.S.-Mexico border to San Antonio)).[9] As the driver and owner of the

_____

[9] The majority would create the absurd result that an individual who arranges to drive aliens, already in this country, to San Antonio, Texas commits an "affirmative act" in furtherance of alien smuggling, while someone who drives from San Diego, California to Tijuana, Baja California, picks up two undocumented minors, drives them to the U.S.-Mexico border, and attempts to sneak them into the United States, commits no such "affirmative act."

vehicle, Avina-Renteria provided affirmative assistance to the undocumented children, and thus, the majority's reliance on *Altamirano* is misplaced.

The majority relies on a talismanic claim of a proviso—which is factually and legally baseless—to avoid acknowledging that Avina-Renteria conceded his removability before the IJ. The majority then relies on a readily distinguishable case to parry overwhelming evidence of removability. Because such legal gymnastics find no support in law or common sense, I must respectfully dissent.

11