FILED

DEC 26 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUAN REYES PEREZ,

          Petitioner,

  v.

ERIC H. HOLDER, Jr., Attorney General,

          Respondent.

No. 08-72523

Agency No. A077-349-260

ORDER AND MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 5, 2012
Pasadena, California

Before: WARDLAW, BEA, and N.R. SMITH, Circuit Judges.

    Juan Reyes Perez, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision ordering him removed for alien smuggling. *See* 8 U.S.C.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

§ 1182(a)(6)(E)(i). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.[1]

Assuming that Reyes's testimony was credible, immigration officers' threats that Reyes would be deported or imprisoned if he did not admit the charges were coercive, and his inculpatory statements should have been excluded. *Bong Youn Choy v. Barber*, 279 F.2d 642, 647 (9th Cir. 1960) (suppressing as involuntary an alien's statement "obtained by the government by inducing fear through official threats of prosecution"). Nevertheless, substantial evidence supports the agency's alternative holding that Reyes is removable due to alien smuggling even excluding his coerced statements. The record reflects that, when immigration officers asked for identification for Reyes's undocumented niece at primary inspection, Reyes gave the immigration officer his daughter's birth certificate, in an attempt to provide the identification necessary to allow the niece to cross the border. This affirmative act is sufficient to establish the elements of Reyes's smuggling charge. *See* 8 U.S.C. § 1182(a)(6)(E)(i); *Aguilar Gonzalez v. Mukasey*, 534 F.3d 1204, 1208-09 (9th Cir. 2008).

**PETITION DENIED.**

---

[1]We grant Reyes's motion to file a substitute brief. The substitute brief received on December 3, 2012 is deemed filed.

2