**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| HILDA MARIA CALVARIO DE VILLALOBOS, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, JR., Attorney General, <br><br> Respondent. | No. 10-71758 <br><br> Agency No. A075-625-025 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2014[**]
Pasadena, California

Before: FERNANDEZ, GRABER, and MURGUIA, Circuit Judges.

Hilda Calvario de Villalobos petitions for review of the Board of

Immigration Appeals's (BIA) dismissal of her appeal of the denial of her motion to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

terminate removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition for review.

We review the BIA's findings of fact for substantial evidence. *Gonzaga-Ortega v. Holder*, 736 F.3d 795, 800-01 (9th Cir. 2013). We therefore will uphold the BIA's determination that the Department of Homeland Security (DHS) met its burden of proving Villalobos's inadmissibility unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Substantial evidence supports the BIA's determination that DHS established by clear and convincing evidence that Villalobos aided and abetted alien smuggling. *See* 8 U.S.C. § 1229a(c)(3)(A). Aiding and abetting alien smuggling under 8 U.S.C. § 1182(a)(6)(E)(i) "requires an affirmative act of help, assistance, or encouragement." *Altamirano v. Gonzales*, 427 F.3d 586, 592 (9th Cir. 2005). DHS produced credible evidence that Villalobos received a call from her family asking her to bring her nephew into the United States and then drove with her husband to Tijuana with her son's birth certificate, intending to pick up her nephew in Tijuana and bring him back into the United States using the birth certificate at the border. Thus, substantial evidence supports the BIA's determination that DHS clearly and convincingly established that Villalobos's involvement in the plan to bring her nephew into the United States amounted to more than mere knowledge of

2

or reluctant acquiescence in the plan. *See id.* at 596 (knowledge of plan insufficient); *Aguilar Gonzalez v. Mukasey*, 534 F.3d 1204, 1206 (9th Cir. 2008) (reluctant acquiescence in plan insufficient).

Reviewing de novo the purely legal question, *Altamirano*, 427 F.3d at 591, we are not persuaded that 8 U.S.C. § 1182(a)(6)(E)(i) is unconstitutionally vague as applied to Villalobos. The question that we must decide is whether the statute is unconstitutionally vague in the circumstances of the petitioner's case. *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 822 (9th Cir. 2003). We conclude that § 1182(a)(6)(E)(i) gave Villalobos sufficient notice that her actions were prohibited. *See id.*

**PETITION DENIED.**