NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 1 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SERGIO GUERRERO-OLIVA, AKA
Daniel Hernandez,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

Respondent.

No.    15-71773

Agency No. A205-991-926

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2017[**]

Before:    THOMAS, Chief Judge, and SILVERMAN and RAWLINSON,
Circuit Judges.

Sergio Guerrero-Oliva, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying a motion to remand

and dismissing his appeal from an immigration judge's ("IJ") order of removal.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence findings of fact and review de novo questions of law.  *Aguilar Gonzalez v. Mukasey*, 534 F.3d 1204, 1208 (9th Cir. 2008); *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014).  We review for abuse of discretion the denial of a motion to remand.  *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008). We deny the petition for review.

The agency correctly determined that Guerrero-Oliva is statutorily barred from establishing the good moral character required for cancellation of removal, where substantial evidence supports the agency's finding that he engaged in an affirmative act in support of alien smuggling.  *See* 8 U.S.C. §§ 1101(f)(3), 1182(a)(6)(E)(i), 1229b(b)(1)(B); *Urzua Covarrubias v. Gonzales*, 487 F.3d 742, 747-49 (9th Cir. 2007) (alien smuggling finding supported by substantial evidence where alien's payment to a smuggler upon delivery of his brother provided "an affirmative act of help, assistance, or encouragement" (citations omitted)).

In light of this determination, we need not, and the BIA was not required to, address the IJ's alternate findings regarding good moral character.  *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

Substantial evidence supports the agency's denial of relief under the Convention Against Torture, where Guerrero-Oliva's testimony and documentary evidence do not establish it is more likely than not that he would be tortured by or

with the consent or acquiescence of the Mexican government. *See* 8 C.F.R. § 208.16(c); *Garcia-Milian v. Holder*, 755 F.3d at 1034 ("Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime.").

The BIA did not abuse its discretion in denying Guerrero-Oliva's motion to remand, where he did not provide evidence of an approved visa petition or of eligibility for adjustment of status. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (the BIA can deny a motion to remand for failure to establish a prima facie case for the relief sought). In light of this determination, we do not address Guerrero-Oliva's contentions regarding his right to marry and enjoy marriage and the applicability of *Mathews v. Eldridge*, 424 U.S. 319 (1976).

**PETITION FOR REVIEW DENIED.**

15-71773