**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICIA NOEMI MENDOZA,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.    17-70978<br><br>Agency No. A060-475-710<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 13, 2020
Pasadena, California

Before:  GOULD and OWENS, Circuit Judges, and KORMAN,[**] District Judge.

Petitioner Patricia Noemi Mendoza is a Mexican citizen who became a lawful

permanent resident of the United States in January 2009.  The Board of Immigration

Appeals ("BIA") affirmed a decision by the Immigration Judge ("IJ"), which found

that Mendoza aided and abetted her husband's plan to smuggle an 8-year old alien

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

from Mexico named Angel across the border and consequently was inadmissible. *See* 8 U.S.C. § 1182(a)(6)(E)(i). This petition followed.

The IJ found that there was no evidence to suggest that Mendoza provided Angel with a fake birth certificate that was used as documentation for Angel to enter into the country. The IJ also credited Mendoza's statement to Customs and Border Patrol that she would never have gone along with her husband's plan if she had known before traveling to Mexico that he intended to smuggle Angel across the border in violation of the law. Indeed, Mendoza learned for the first time of her husband's plan while they were in Mexico after he had picked Angel up at the airport. Nevertheless, the IJ concluded that Mendoza did assist in alien smuggling by asking Angel to recite the information on the birth certificate prior to arriving at the inspection booth. The IJ therefore ordered Mendoza removed from the United States.

The question of whether the IJ's factual findings, to which we defer, support the conclusion that Mendoza's actions constitute assisting in alien smuggling is a purely legal question that we review de novo. *Aguilar Gonzalez v. Mukasey*, 534 F.3d 1204, 1208 (9th Cir. 2008).

We have in a number of cases addressed the culpability of a passenger of a vehicle driven by the organizer of a scheme to smuggle an alien into the United States. There are two that are particularly relevant here. In *Altamirano v. Gonzales*,

2

427 F.3d 586, 595 (9th Cir. 2005), we held that "mere presence in [a] vehicle with knowledge" that an undocumented alien is in the trunk does not amount to aiding and abetting the illegal entry of an alien under 8 U.S.C. § 1182(a)(6)(E)(i). There, the IJ acknowledged that Altamirano did "not appear to have been involved in the planning stages of the smuggling attempt" or "assist[] in the physical acts of placing [the undocumented alien] into the trunk of the vehicle." *Id.* at 592. Nonetheless, the IJ ruled that Altamirano was inadmissible under 8 U.S.C. § 1182(a)(6)(E)(i) "when she agreed, having knowledge of [the undocumented alien's] presence in the trunk of the vehicle, to accompany[] her family members to the United States." *Id.* We reversed the IJ's decision as "contrary to the alien smuggling provision," and held that the "plain meaning of this statutory provision requires an affirmative act of help, assistance, or encouragement." *Id.*

In *Aguilar Gonzalez*, the petitioner was not only present in the vehicle with knowledge of a plan to smuggle an undocumented alien into the country, she also "reluctantly acquiesc[ed] in her father's use of her son's birth certificate" to carry out the plan after her father threatened to stop assisting with mortgage payments unless the petitioner allowed him to use the birth certificate. 534 F.3d at 1208. We could not "conclude that [petitioner] engaged in an affirmative act by reluctantly saying 'yes' to her father's repeated requests to use her son's birth certificate" in the absence of anything in the record indicating that she physically gave the birth

3

certificate to her father. *Id.* at 1209.

The facts in this case match closely with those in *Altamirano* and *Aguilar Gonzalez*. Mendoza did not provide the birth certificate that her husband was using to smuggle Angel into the United States. Had Mendoza remained silently in the vehicle and gone along with the plan that was devised by her husband and sister-in-law, there would be no question that her "mere presence in the vehicle with knowledge of the plan [would not have] constitute[d] alien smuggling." *Altamirano,* 427 F.3d at 596. While Mendoza asked Angel to recite the information on the birth certificate prior to arriving at the inspection booth, there is no evidence that she provided any critique, feedback, encouragement, or reassurance to Angel based on his answer. By contrast, in our recent decision in *De Arias v. Barr*, No. 17-71398 (9th Cir. Oct. 27, 2020), we upheld a finding of inadmissibility where a petitioner not only provided her boyfriend with her deceased husband's passport, she also falsely told border officials that her boyfriend was her deceased husband. Similar significant acts of assistance were provided by petitioners in the cases the Attorney General cites in his brief.

In sum, applying *Altamirano* and *Aguilar Gonzalez*, we hold that it was error to conclude that Mendoza aided and abetted alien smuggling in violation of 8 U.S.C. § 1182(a)(6)(E)(i).

**PETITION GRANTED AND REMANDED TO IJ WITH INSTRUCTIONS**

4

**TO TERMINATE PROCEEDINGS.**