MEMORANDUM *
Francisco Avina-Renteria, a native and citizen of Mexico and a lawful permanent resident of the United States, seeks review of (1) the Board of Immigration Appeals’ (“BIA”) order summarily affirming his re-movability for alien smuggling under 8 U.S.C. § 1182(a)(6)(E)(i), and (2) the BIA’s denial of his motions to reopen and reconsider. We have jurisdiction under 8 U.S.C. § 1252, and we grant the consolidated petition for review.[1]
Because the BIA affirmed the decision of the Immigration Judge (“IJ”) without opinion, we review the IJ’s decision. Ke-bede v. Ashcroft, 366 F.3d 808, 809 (9th Cir.2004). We review the IJ’s legal conclusions de novo and the IJ’s factual findings for substantial evidence. Aguilar Gonzalez v. Mukasey, 534 F.3d 1204, 1208 (9th Cir.2008). The BIA’s denial of a motion to reopen and for reconsideration is reviewed for abuse of discretion and we “reverse only if the Board acted arbitrarily, irrationally, or contrary to law.” Mohammed v. Gonzales, 400 F.3d 785, 791 (9th Cir.2005).
The government bears the burden of establishing Avina-Renteria’s removability for alien smuggling by “clear, unequivocal, and convincing evidence.” Hernandez-Guadarrama v. Ashcroft, 394 F.3d 674, 679 (9th Cir.2005) (citing Gameros-Hernandez v. INS, 883 F.2d 839, 841 (9th Cir.1989)); see also 8 U.S.C. § 1229a(c)(3)(A). Thus, although we review the IJ’s findings of fact establishing removability for “reasonable, substantial, and probative evidence ..., we affirm [a finding of removability] only if the agency has successfully carried this heavy burden of clear, unequivocal, and convincing evidence.” Hernandez-Guadarrama, 394 F.3d at 679 (internal quotation marks omitted).
If “petitioner’s counsel expressly concede[s] removability[,] ... the government’s burden is satisfied.” Shin v. Mukasey, 547 F.3d 1019, 1024 (9th Cir.2008). In this case, however, counsel did not expressly concede Avina-Renteria’s removability.
Avina-Renteria’s counsel admitted the factual allegation of alien smuggling, but only with a proviso that Avina-Renteria was eligible for a waiver because he was related by blood and marriage to the children in the vehicle. Counsel never expressly admitted to the factual allegation after the IJ determined that Avina-Rente-ria’s relationship with the children was not close enough to qualify for a waiver. Furthermore, although an IJ is required to ask the alien if he or she “admits the factual allegations and admits his or her removability under the charges,” 8 C.F.R. *628 § 1240.10(c) (emphasis added), the IJ never asked Avina-Renteria or his counsel whether removability was conceded as charged.[2] Mere acquiescence, or failure to contest an IJ’s statement that admissions have been made, does not meet the government’s burden of proving removability by clear and convincing evidence. See Cortez-Acosta v. INS, 234 F.3d 476, 481-82 (9th Cir.2000) (holding that a pro-se petitioner’s failure to express his disagreement with the IJ’s statement that he had admitted to participating in alien smuggling at his unrecorded master calendar hearing failed to meet the government’s burden). And the record is clear that neither Avina-Renteria nor his counsel expressly conceded removability.
Moreover, the regulations stipulate that an IJ can determine removability on the basis of the alien’s admissions only if the IJ “is satisfied that no issues of law or fact remain.” 8 C.F.R. § 1240.10(c). It was clear, on this record, that issues of law and fact remained. Petitioner’s counsel contested whether the government had established the facts necessary to show that Avina-Renteria acted affirmatively under Altamirano v. Gonzales, 427 F.3d 586 (9th Cir.2005).[3] After the IJ concluded that Avina-Renteria was removable as charged, his counsel raised the following concerns:
There is a minor issue here, Your Hon- or. There were several people in the vehicle which was stopped, of course, with the two persons involved. I don’t believe he was the driver and there may be an issue of whether he was aware of exactly what was going on in as much as it was the aunt of the two children and I believe other persons in that vehicle.
Instead of resolving these outstanding factual and legal questions, the IJ stated that Avina-Renteria could “raise those issues on appeal.” Because there was no regulatory basis for the IJ’s determination of removability, counsel’s qualified admission to certain underlying factual allegations was insufficient to establish remova-bility.[4]
Nor does any other evidence in the record meet the government’s burden of establishing Avina-Renteria’s removability by clear, unequivocal, and convincing evidence. The alien smuggling statute’s plain language requires an alien to perform “an affirmative act of assistance or encouragement.” Altamirano, 427 F.3d at 588, 596 (holding that an alien’s “mere presence in *629 the vehicle with knowledge of the [smuggling] plan” does not constitute alien smuggling); Aguilar Gonzalez, 534 F.3d at 1209 (holding that an alien did not commit alien smuggling by reluctantly allowing her father to use her son’s birth certificate).
The IJ found Avina-Renteria to be removable for alien smuggling because of his knowledge that the children in the vehicle “didn’t have an[y] documents,” and because his wife presented birth certificates for the children “which he knew were not their birth certificates.” As in Altamira-no, while Avina-Renteria may have had reason to know that his wife was engaging in alien smuggling, the record does not show that Avina-Renteria did anything affirmatively to assist or encourage her acts. The IJ, therefore, committed legal error in determining that mere knowledge of the smuggling satisfied the statute.
The government argues that Avina-Renteria committed an affirmative act by driving the vehicle to the border with knowledge that his wife planned to smuggle in the children. Even assuming that driving a vehicle in these circumstances qualifies as an affirmative act,[5] the government did not meet its burden of providing clear, unequivocal, and convincing evidence that Avina-Renteria was the driver of the vehicle. Although the Form 1-213 officer narrative indicates that Avina-Renteria was driving,[6] the 1-213 does not state that Avina-Renteria admitted to being the driver, and Avina-Renteria’s counsel indicated at the hearing before the IJ that he did not believe that his client was the driver.
The IJ did not make a finding as to whether Avina-Renteria was driving the vehicle because the IJ erroneously believed that the smuggling statute was satisfied by Avina-Renteria’s mere knowledge of his wife’s actions. Accordingly, the IJ made no further inquires as to whether Avina-Renteria was the driver. We reject the government’s argument that the contradictory evidence in the record satisfies the government’s burden of establishing that he drove the vehicle.
After the BIA affirmed the IJ’s decision without opinion, Avina-Renteria filed a motion for reconsideration, arguing that the record did not establish his removability. The BIA abused its discretion in denying this motion. The BIA erroneously concluded that the record established that Avina-Renteria was removable as charged: (1) Avina-Renteria did not expressly concede removability under the applicable regulations; and (2) the government did not meet its burden of proving Avina-Renteria’s removability for alien *630 smuggling by clear, unequivocal, and convincing evidence.
Accordingly, we remand to the BIA with instructions to remand to the IJ for a factual hearing to determine Avina-Rente-ria’s removability.
GRANTED; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because we remand for a new hearing as to removability, we do not reach petitioner's arguments with respect to cancellation of removal and ineffective assistance of counsel.

. Although the dissent glosses over this requirement, the regulations explicitly require that the alien admit to the factual allegations in addition to his removability under the charges in order for the IJ to determine that removability has been established by the alien’s admissions. 8 C.F.R. § 1240.10(c).

. Although Altamirano was not decided until after Avina-Renteria’s hearing before the IJ, Altamirano applies because "it establishes the proper interpretation of the statute since the statute’s inception.” Aguilar Gonzalez, 534 F.3d at 1208 n. 2.

. This result is entirely consistent with this court's recent decision in Perez-Mejia v. Holder, 641 F.3d 1143 (9th Cir.2011). In Perez-Mejia, the IJ complied with the applicable regulations in determining removability based on the alien’s admissions: the alien’s counsel (1) expressly admitted to all of the factual allegations, and (2) conceded the alien's re-movability based on these factual allegations. Id. at 1146. Moreover, in Perez-Mejia, there was no indication from the alien's counsel that issues of law and fact remained, so it was appropriate for the IJ to conclude that the alien's removability had been established "by clear, convincing, and unequivocal evidence.” Id. at 1146-47. While an alien's factual admission to a prior conviction is "binding,” id. at 1154-55, this does not mean that counsel’s qualified admission to the factual allegation of alien smuggling is binding, especially when counsel shortly thereafter contests the factual allegation given the alien's lack of affirmative participation in the alien smuggling.

. We do not reach a conclusion on whether merely driving a vehicle across the border constitutes an affirmative act under 8 U.S.C. § 1182(a)(6)(E)(i). The dissent's citation to Altamirano is inapposite because the relevant affirmative act in the Seventh Circuit case cited by the Altamirano panel was not driving across any border; indeed the petitioner in the Seventh Circuit case did not even drive across the border. Instead, the affirmative act was his pre-arrangement to drive aliens from the American side of the border to San Antonio, Texas. The Seventh Circuit concluded that "this arrangement could certainly be construed as having 'encouraged' or ‘induced’ the aliens to cross the border illegally.” Saw-chez-Marquez v. INS, 725 F.2d 61, 63 (7th Cir. 1984). The Altamirano panel did not cite Sanchez-Marquez as holding that a driver performs an affirmative act, but rather noted in a parenthetical that this case held that an alien who "pre-arranged to drive and drove seven aliens from the Texas-Mexico border to San Antonio” performed an affirmative act. 427 F.3d at 593.

. Moreover, there are factual discrepancies in the documents submitted by the government, which provide a reason to question the reliability of this statement in the 1-213.