**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LUIS AURELIO PEREZ-ROMERO,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 11-71507

Agency No. A076-338-711

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Luis Aurelio Perez-Romero, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his motion to suppress evidence and

terminate proceedings, and ordering him removed.  We have jurisdiction under 8

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review de novo questions of law, and review for substantial evidence the agency's factual findings. *Aguilar Gonzalez v. Mukasey*, 534 F.3d 1204, 1208 (9th Cir. 2008). We deny the petition for review.

The agency did not err in denying Perez-Romero's motion to suppress his statements in the Form I-213 and videotaped interview. Contrary to Perez-Romero's contention, the agency was not required to suppress his statements on the ground that he was not given *Miranda* warnings before being questioned. *See Trias-Hernandez v. INS*, 528 F.2d 366, 368-69 (9th Cir. 1975) (*Miranda* warnings are not required in the removal context). Perez-Romero has waived any challenge to the agency's determination that the questioning officers committed no regulatory violations that would require suppression. *See Martinez-Serrano v. INS,* 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not raised in the opening brief are waived).

Substantial evidence supports the agency's finding that Perez-Romero is removable due to alien smuggling, where the record reflects that he engaged in affirmative acts in aid of a smuggling attempt. S*ee* 8 U.S.C. § 1182(a)(6)(E)(i); *Aguilar Gonzalez*, 534 F.3d at 1208-09. Perez-Romero's contention that the agency was required to accept his testimony as true in the absence of an explicit

adverse credibility determination is foreclosed by *Aboufayad v. Holder*, 632 F.3d 623, 631 (9th Cir. 2011).

Perez-Romero's contention that the BIA failed to address his motion to remand in light of *Aguilar Gonzalez* is not supported by the record.

**PETITION FOR REVIEW DENIED.**

11-71507