FILED

OCT 15 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS MARTIN MAYORQUIN MENDOZA,<br><br>    Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 11-72012<br><br>Agency No. A093-177-392<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

   Luis Martin Mayorquin Mendoza, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision finding him inadmissible for engaging in alien

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

smuggling.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, and review de novo questions of law.  *Aguilar Gonzalez v. Mukasey,* 534 F.3d 1204, 1208 (9th Cir. 2008).  We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's finding that Mayorquin Mendoza is inadmissible for engaging in alien smuggling where he admitted in a signed sworn statement that he undertook affirmative acts in aid of a smuggling attempt.  *See* 8 U.S.C. § 1182(a)(6)(E)(i); *Aguilar Gonzalez,* 534 F.3d at 1208 (requiring an affirmative act of assistance or encouragement).

The agency did not err in admitting into evidence Mayorquin Mendoza's sworn statement because the record does not demonstrate that his sworn statement was obtained through egregious or coercive behavior.  *See Martinez-Medina v. Holder*, 673 F.3d 1029, 1033-34 (9th Cir. 2011).

We lack jurisdiction to review Mayorquin Mendoza's remaining contentions because he failed to exhaust them before the agency.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**