**Iracyneyde Barbosa PIRES, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

**No. 14-71041**

United States Court of Appeals, Ninth Circuit.

Submitted September 26, 2017 *
San Francisco, California

Filed October 3, 2017

Eduardo A. Paredes, Attorney, Law Office of Eduardo A. Paredes, Los Angeles, CA, for Petitioner

Matthew B. George, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: SILVERMAN, TALLMAN and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Iracyneyde Barbosa Pires, a native and citizen of Brazil, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her motion to suppress evidence and terminate removal proceedings, and ordering removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo the denial of a motion to suppress and claims of constitutional violations. *Martinez-Medina v. Holder*, 673 F.3d 1029, 1033 (9th Cir. 2011). We review for substantial evidence the agency's factual findings. *Aguilar Gonzalez v. Mukasey*, 534 F.3d 1204, 1208 (9th Cir. 2008). We deny the petition for review.

The agency did not err in denying Barbosa Pires's motion to suppress evidence and terminate removal proceedings, where she did not demonstrate that her statements to immigration officials at the border were obtained through an egregious violation of the Fourth Amendment, *see Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1018 (9th Cir. 2008) (a violation is egregious if evidence is obtained by a deliberate violation of the Fourth Amendment, or by conduct a reasonable officer should have known is in violation of the Constitution), *see also Gonzaga-Ortega v. Holder*, 736 F.3d 795, 801-04 (9th Cir. 2013) (legal permanent resident treated as an applicant for admission under 8 U.S.C. § 1101(a)(13)(C)(iii) for alien smuggling

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

had no right to counsel at port of entry, and detention of 28 hours without any indication of physical abuse or threat was not coercive); 8 C.F.R. § 292.5(b) (providing the right to counsel during an examination except for applicants for admission).

This court's holding in *Samayoa-Martinez v. Holder*, 558 F.3d 897, 901-02 (9th Cir. 2009) forecloses Barbosa Pires's contention that her statements were obtained in violation of 8 C.F.R. § 287.3(c) ("Formal removal proceedings do not commence until the INS has filed an NTA in the immigration court.").

Barbosa Pires does not raise, and therefore waives, any challenge to the agency's adverse credibility finding. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013). Substantial evidence supports the agency's determination that Barbosa Pires engaged in alien smuggling where she attempted to conceal the smugglee inside the vehicle she was driving. *See Sanchez v. Holder*, 704 F.3d 1107, 1110 (9th Cir. 2012) (knowingly participating in and aiding the attempted illegal entry is an affirmative act constituting alien smuggling); *cf. Aguilar Gonzalez* 534 F.3d at 1209 (no affirmative act of alien smuggling where petitioner did not provide her daughter's birth certificate for use by another to enter the United States, but merely acquiesced to its use).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.