NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 3 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO MANUEL OLVERA-BARBOSA, | No. 15-73129 |
| Petitioner, | Agency No. A092-555-036 |
| v. | MEMORANDUM* |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 26, 2017**

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Francisco Manuel Olvera-Barbosa, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's ("IJ") decision denying his motion to suppress evidence

and terminate removal proceedings and ordering him removed. Our jurisdiction is

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review de novo the denial of a motion to suppress and claims of constitutional violations. *Martinez-Medina v. Holder*, 673 F.3d 1029, 1033 (9th Cir. 2011). We review for substantial evidence the agency's factual findings. *Aguilar Gonzalez v. Mukasey*, 534 F.3d 1204, 1208 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

To the extent Olvera-Barbosa contends the agency erred by holding the Department of Homeland Security to an incorrect burden of proof, this contention lacks merit. *See Mondaca-Vega v. Lynch*, 808 F.3d 413, 420 (9th Cir. 2015) (holding that the phrase "clear, unequivocal*,* and convincing" does not signify a higher burden of proof than "clear and convincing").

The agency did not err by admitting into evidence the Form I-213, Record of Deportable/Inadmissible Alien, where Olvera-Barbosa did not show it contained inaccurate information or was otherwise unreliable. *See Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) (information on an authenticated immigration form is presumed to be reliable in the absence of evidence to the contrary presented by the alien).

Substantial evidence supports the agency's finding that Olvera-Barbosa is removable under 8 U.S.C. § 1227(a)(1)(E)(i), where he knowingly assisted another alien in seeking entry into the United States in violation of the law. *See Sanchez v. Holder*, 704 F.3d 1107, 1110 (9th Cir. 2012) (knowingly participating in and

aiding the attempted illegal entry is an affirmative act constituting alien smuggling); *cf. Aguilar Gonzalez* 534 F.3d at 1209 (no affirmative act of alien smuggling where petitioner did not provide her daughter's birth certificate for use by another to enter the United States, but merely acquiesced to its use).

We lack jurisdiction to consider Olvera-Barbosa's unexhausted contention that the IJ failed to conduct a full and complete credibility analysis. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**