NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 25 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SINDY SANADU CURIEL-TADEO, | No. 18-70831 |
| Petitioner, | Agency No. A200-963-896 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2019**

Before: CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Sindy Sanadu Curiel-Tadeo, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's ("IJ") decision denying cancellation of

removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for

substantial evidence questions of fact and review de novo questions of law.

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

*Aguilar Gonzalez v. Mukasey*, 534 F.3d 1204, 1208 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's determination that Curiel-Tadeo is statutorily barred from showing the requisite good moral character for cancellation of removal, where she admitted to use of methamphetamine. *See* 8 U.S.C. § 1229b(b)(1)(B) (requiring a showing of good moral character for cancellation of removal); 8 U.S.C. § 1101(f)(3) (no person shall be found to be a person of good moral character who is in a class of persons who admits to committing an offense described in 8 U.S.C. § 1182(a)(2)(A)); 8 U.S.C. § 1182(a)(2)(A)(i)(II) (describing any alien who has committed any crime relating to a controlled substance); *Flores-Arellano v. INS*, 5 F.3d 360, 362 (9th Cir. 1993) ("The ordinary meaning of the phrase 'any law ... relating to a controlled substance' encompasses laws proscribing use or being under the influence of a controlled substance."); 21 U.S.C. § 812(c) sched. III(a)(3) (methamphetamine is a controlled substance under the Controlled Substances Act). The BIA did not err in not considering favorable factors, where it determined she could not show good moral character on a per se ground. *See* 8 U.S.C. § 1101(f)(3).

We do not address Curiel-Tadeo's contentions regarding her conviction, where the BIA relied on her admission of use of methamphetamine. To the extent Curiel-Tadeo contends the BIA violated due process by relying on that admission,

18-70831

her claim fails.  *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice."); *Mabugat v. INS*, 937 F.2d 426 (9th Cir. 1991) ("We see no reason to declare unconstitutional the statute, 8 U.S.C. § 1101(f)(3), which permits admissions in lieu of convictions for the purposes of determining 'good moral character.'").

To the extent Curiel-Tadeo contends the IJ violated due process in denying relief, any error was rendered harmless by the BIA's de novo review of the good moral character determination.  *See Singh v. Holder*, 591 F.3d 1190, 1199 (9th Cir. 2010) (any error by the IJ was rendered harmless by the BIA's de novo review of the issue).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**